[Civ. No. 877.   Fifth Dist.   Apr. 10, 1968.]

WESTERN UNION TELEGRAPH COMPANY, Plaintiff and Respondent, v. HAROLD RAY MOONEY et al., Defendants and Respondents.*

HELENE J. NORTH et al., Plaintiffs and Appellants, v. HAROLD RAY MOONEY et al., Defendants and Respondents.

(Consolidated Cases.)

Levy, DeRoy, Geffner & Van Bourg and George DeRoy for Plaintiffs and Appellants.

*Reporter's Note: This opinion has also been cited by the title of North v. Mooney.

Borton, Petrini, Conron & Brown and Richard E. Hitchcock for Plaintiff and Respondent.

No appearance for Defendants and Respondents.

CONLEY, P. J.—This somewhat complex litigation arises from a tort action by the widow and children of decedent Cleon North, consolidated with another suit by his former employer, The Western Union Telegraph Company, for the amount of compensation and expenses paid, under the workmen's compensation law, for his death in an automobile collision. The North family was awarded moneys as against The Western Union Telegraph Company, his self-insured employer, as a result of his death, and thereafter the North widow and orphans and The Western Union Telegraph Company employer recovered a judgment against Leamon L. Mooney, owner of the other automobile in the collision, and his son, Harold Ray Mooney, the driver. Leamon L. Mooney was responsible for $10,000 of this amount because of ownership liability, but the judgment against the driver, Harold Ray Mooney, considerably exceeded that amount. The Western Union Telegraph Company had become liable, through the Workmen's Compensation Act, to the North family in an amount exceeding the $10,000 but far less than the total judgment recovered by the North family in the superior court consolidated action. The plaintiffs in each of the cases were represented by a separate firm of attorneys.

As shown by the findings of fact and the judgments in the consolidated cases, the following recoveries resulted from the litigation:

(a) Judgment in favor of members of the North family against Harold Ray Mooney, the driver of the opposing car, as the result of his negligence, for $106,062.48, of which the sum of $10,000 only was also a judgment in favor of the North family against Leamon L. Mooney, owner of the automobile;

(b) Included in the judgment for $106,062.48 was a judgment in favor of plaintiff, Western Union Telegraph Company, in case No. 90799 for the amount of the award paid by it to the North family in the workmen's compensation proceedings, because of the death of Cleon North, in the sum of $21,100;

(c) Of the net judgment of $84,962.48 the court apportioned the same among the North plaintiffs as follows:

| | |
|---|---|
| Helene J. North | $41,562.48 |
| Andrew Cleon North | 12,100.00 |
| William Andrew North | 10,850.00 |
| Cleon L. North | 10,350.00 |
| Rickey North | 5,050.00 |
| Eugene North | 5,050.00. |

Leamon Mooney was covered by $10,000 insurance; that sum has been paid and by stipulation is deposited in the Bank of America subject to disbursement in accordance with court order. It appears unlikely that any further moneys will be realized as a result of the judgments against Harold Ray Mooney.

In connection with the implementation of the court's finding with regard to attorneys' fees in this case, the judge made an award of $2,500 to the attorneys for The Western Union Telegraph Company, but made no direction for payment of any attorneys' fees for counsel for the North family, holding in effect that the attorneys for the Norths did not render services to them "in effecting recovery." The meaning of this latter phrase is somewhat questionable in that the attorneys for the respondent say that no recovery was effected for the Norths by their attorneys; however, this observation on their part overlooks the fact that there was the recovery of a judgment in favor of the North family for a total of $102,000 gross, or $84,962.48 when the judgment for The Western Union Telegraph Company was deducted, and a payment on the total of $10,000, which certainly was a cash recovery if the North family was entitled to participate therein.

As above stated, each of the groups of parties had its own attorneys—the Norths and The Western Union Telegraph Company. The court made the questioned order for the payment of attorneys' fees in connection with the division of the $10,000 cash payment above referred to as follows:

1. To Borton, Petrini, Conron & Brown, Attorneys for plaintiff The Western Union Telegraph Company, the sum of $2,500.00 as attorneys' fees plus costs allowed by the court. . . .

2. The balance of said sum to plaintiff The Western Union Telegraph Company.

The trial court further provided that counsel for the North family in case No. 90898 are entitled to reimbursement for costs and litigation expenses in the sum of $100 ". . . less any costs allowed in the judgment in said action for or on

account of plaintiff Helene J. North's personal appearance at the trial of said action." The trial court's order further reads:

### III

"As to any future sums paid or recovered on the judgments herein, the counsel effecting said payment or recovery shall be entitled to collect from said monies or funds recovered, the amount of his remaining costs and litigation expense allowed by the court, if any, plus any reasonable attorneys' fee in an amount equal to twenty-five percent (25%) of the net recovery (the balance remaining after deducting the costs and litigation expenses) on said judgments in each instance, the balance then to be paid over to the party or parties on whose behalf said recovery is effected. The attorneys' fees hereby awarded in case No. 90898 shall be paid by the plaintiffs in said action in the same proportions as the total judgment in said case is apportioned between the plaintiffs therein; provided, however, that none of said plaintiffs shall be liable for or pay any attorneys' fees in excess of twenty-five percent (25%) of the recovery on behalf of any such plaintiff.

### IV

"The court does hereby reserve and retain jurisdiction herein to determine the party or parties in behalf of whom said future recovery is effected in the event of any such future recovery."

It is clear that in the year 1959 the Legislature changed the preferential standing theretofore established for the payment of persons interested in dividing the recovery in litigation of this kind. It is conceded that if the present question had arisen before the 1959 change in section 3856, subdivision (c), of the Labor Code the attorneys for the North family would not be entitled to the payment of any portion of the $10,000 insurance payment, because The Western Union Telegraph Company did act promptly and protected its own interest by filing a separate action and was then entitled to the first moneys actually obtained from the tortfeasor to reimburse the employer for moneys expended on behalf of its employee pursuant to the Workmen's Compensation Act. This is well illustrated in *Bosch* v. *Standard Oil Co. of Cal.*, 193 Cal.App. 2d 426, 429-430 [14 Cal.Rptr. 247], in the opinion of Mr. Justice Duniway, where it was held that the first moneys actually paid by, or on behalf of, the tortfeasor should be taken by the employer which had paid the award required under the Workmen's Compensation Act and its attorneys;

but by the 1959 amendment a different rule with respect to the order of payment of attorneys' fees in a consolidated case was enacted; the appropriate subdivision of the section now reads as follows: "If the action [against the third party] is prosecuted both by the employee and the employer, in a single action or in consolidated actions, and they are represented by the same agreed attorney or by separate attorneys, the court shall first order paid from any judgment for damages recovered, the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorneys' fees based solely on the services rendered for the benefit of both parties where they are represented by the same attorney, *and where they are represented by separate attorneys, based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented.* After the payment of such expenses and attorneys' fees the court shall apply out of the amount of such judgment for damages an amount sufficient to reimburse the employer for the amount of his expenditures for compensation together with any other amounts to which he may be entitled as special damages under Section 3852." (Italics added.)

The reason for this change is apparent. It is a requisite of public policy that persons in the position of employees or families of employees who have the right to an award under the Workmen's Compensation Act often have a just grievance against third parties, as in the present litigation, and are entitled to sue such third parties therefor, with the employer having a right to recover the amount which he has paid to the employee or the employee's family by reason of the Workmen's Compensation Act. Not infrequently the third party causing the death or injury is only partly covered by insurance or is without sufficient assets to satisfy an entire judgment for the wrong done. State policy should make it relatively easy for an injured employee or his family, in case of his death, to engage the services of competent attorneys and in such circumstances the attorneys should have a decent priority in the matter of fees for the work which they do. The Legislature saw fit to give them a preference with respect to moneys actually collected on such judgments, even in advance of the moneys payable to the employer for what he has advanced.

Here, the court's findings are such as to make it apparent that it is unlikely that Mr. Mooney, the person who caused the

death of Cleon North through his negligence, will ever have enough money or other assets to permit any substantial payment on the judgment which has been obtained against him. The court below has made findings as follows:

"III That defendant Leamon L. Mooney is the father of the defendant Harold Ray Mooney and is employed as a ranch worker earning approximately $3,800.00 to $4,000.00 per year and owns no real or other property not exempt from execution. Said defendant Leamon L. Mooney resides in a house furnished by his employer with his fifteen year old daughter whom he supports and with the defendant Harold Ray Mooney and his daughter-in-law, the wife of the said Harold Ray Mooney.

"IV That defendant Harold Ray Mooney is 23 years of age, married and is an unemployed ranch worker. He earned approximately $1,900.00 in 1965 and approximately $1,900.00 in 1966. He owns no real or other property not exempt from execution."

If the amended code section heretofore quoted were not applied it would, in all probability, mean that the attorneys for the North family would get nothing for the work which they did in the case. The legal services which they performed, of course, were for the North family and not for The Western Union Telegraph Company. Litigation of this kind should be viewed as a whole and not separated into various completely independent parts; and to exclude completely the attorneys for the North family would be unjust, not only in this case but would make it most difficult, perhaps impossible, in future cases for workmen's families to secure the services of competent attorneys in cases of this kind. Such a condition, it seems to us, would be very much against public policy.

We conclude, therefore, that some provision for priority was intended to be made for the attorneys of the family of claimants in situations such as this where the employer and the family of the decedent are represented by separate counsel. To contend that the attorneys for the North family did not "effect recovery" for the benefit of their clients, although only a small part of the judgment has been collected up to the present time, is to be wilfully blind to the fact that they secured a judgment of over $102,000 for their clients.

However, the section is not explicit with respect to the time of payment to the attorneys, and common sense requires that the actual payment of fees for the attorneys of the respective parties should be based ultimately upon the acquisition of

actual cash in total or at least partial satisfaction of the judgment. On the other hand, if the latest amendment of section 3856, subdivision (c), of the Labor Code is construed to mean that the fees of counsel for both parties must be paid in full out of the first cash payments made on judgments of this kind, the result would be that the attorneys for The Western Union Telegraph Company would be paid in full out of the initial cash installments, and the North family's attorneys would appropriate first their attorney fees from this and additional early payments on the judgment, if any, with nothing whatsoever in cash actually paid to either of the parties plaintiff until their attorneys were paid in full; such a result would often be outrageous; we do not so construe the amendment to the section. In other words, the actual payment of attorneys' fees should keep pace, roughly at least, with the cash received by the judgment creditors as a group.

The question was raised at the oral argument of the case whether or not the attorneys are entitled to pose the question involved in this suit in any way other than in their own names as parties, and the appellants made a contingent motion for leave to substitute the respective attorneys as parties appellant and respondent. In our opinion, this would be unnecessary as the two groups of parties plaintiff each had a firm of attorneys representing it and recovery of the fees of the attorneys for the parties in effect is recovery by the respective parties so represented by their attorneys.

The case must be returned to the trial court for a reconsideration of the matter of payment of attorneys' fees, and in that connection the following procedure should take place:

1) The trial court must first find the amount of attorneys' fees reasonably payable out of the award to The Western Union Telegraph Company and out of the award to the North family; as to The Western Union Telegraph Company, the amount so specified should be for the full services rendered to it by its attorneys; the total reasonable attorneys' fees for the North family's lawyers must depend upon the finding of the court as to the reasonable value of the legal services rendered to the Norths, not eliminating in its consideration the fact of the existence of the contract for contingent services entered into between the Norths and their attorneys, which contingent fee was based on the actual recovery of moneys in cash in the litigation in the amount of 25 percent thereof;

2) The amount payable to the attorneys for The Western Union Telegraph Company out of the $10,000 cash payment

should be a fraction made up of a figure equivalent mathematically to the $10,000 received in cash as numerator and a mathematical figure equivalent, as denominator, to the $21,100 representing the total net judgment of The Western Union Telegraph Company. The attorneys for the North family would be presently entitled to that portion of their total attorneys' fees as established by the court, which is indicated by a fraction made up mathematically of $10,000 as numerator over the net amount which the Norths are entitled to under the judgment after the deduction of that portion of the total judgment to which The Western Union Telegraph Company is entitled, as denominator, that is to say $\frac{10,000.00}{84,962.48}$. Such attorneys' fees so calculated should be payable immediately out of the $10,000 cash collected, and the balance of that sum should be paid to The Western Union Telegraph Company in partial satisfaction of its judgment;

3) Attorneys' fees from future cash payments for the respective parties should be calculated on the same basis, that is, according to fractions made up in the same manner as to each cash payment as in paragraph numbered 2) above, taking into consideration the amount of cash or property paid by or collected from the judgment debtor, provided, however, that the next payments in cash or realized from executions should be distributed first for attorneys' fees of all parties as calculated by the above specified method and next for partial payment of The Western Union Telegraph Company with respect to the remaining portion of the judgment to which it is entitled; this should result eventually, if sufficient moneys are realized by the judgment creditors, in partial payment of the Norths' attorneys, in full payment of the attorneys for The Western Union Telegraph Company and in the complete satisfaction of the balance due on the judgment to that organization;

4) If, thereafter, additional sums in cash shall be paid by, or collected from, the judgment debtor, the fees to the Norths' attorneys, calculated on a schedule according to the method above outlined, should first be paid to the attorneys for the North family and the balance to the Norths;

5) With respect to the portions of the judgment paid to the members of the North family, each of such persons individually should have credit for the payment of the Norths' attorneys' fees in the same proportion that each award to an individual North bears to the total of the awards made by the court to all of the members of the North family, as provided

in the table set forth in paragraph (c) above.

The order concerning attorneys' fees is reversed; the court below is authorized to take additional evidence on that subject if so advised; it is directed to amend its findings of fact and conclusions of law pertaining to attorneys' fees so that they shall conform with this opinion; the judgments are affirmed.

Stone, J., concurred.

Gargano, J., being disqualified, did not participate.

A petition for a rehearing was denied May 8, 1968, and the petition of the plaintiff and respondent for a hearing by the Supreme Court was denied June 5, 1968. Traynor, C. J., and Peters, J., were of the opinion that the petition should be granted.