[Civ. No. 48648. First Dist., Div. One. July 14, 1982.]

THOMAS WALSH, Plaintiff and Respondent, v.
RICHARD ANTHONY WOODS, Defendant;
HIGHLANDS INSURANCE COMPANY, Intervener and Appellant.

COUNSEL

Thomas E. Clarke, Mentz, Finn, Gilbert & Clarke and Bryce C. Anderson for Intervener and Appellant.

Luis F. Uroz for Plaintiff and Respondent.

## OPINION

**RACANELLI, P. J.**—Plaintiff and respondent, Thomas Walsh, while employed by Yellow Cab Company, was involved in an automobile accident resulting in the institution of a third party negligence complaint against defendant, Richard Woods. Thereafter, appellant, Highlands Insurance Company, the compensation insurance carrier for Yellow Cab Company, filed a complaint in intervention seeking reimbursement of compensation benefits paid to respondent which at the time of trial amounted to approximately $30,000. Following entry of judgment upon a jury verdict in favor of respondent and appellant intervener in the amount of $20,453, respondent moved for an award of attorney fees contending that his attorney was "solely responsible" for the ultimate recovery. Intervener resisted the motion contending that its own separately retained counsel had "actively participated" in prosecuting the litigation, thus foreclosing apportionment of attorney fees. The trial court granted respondent's motion awarding costs in the sum of $2,292 and attorney fees in the sum of $7,264 (40 percent of the net recovery) which sums were to be deducted prior to the intervener's lien on its express finding that the judgment was "solely the result of plaintiff's attorney's expenditures and efforts." Intervener now appeals.

The issue presented is whether the award of attorney fees and costs reducing intervener's recovery for benefits paid constituted a proper apportionment.

## DISCUSSION

Under the relevant provisions of the Labor Code (to which all section references apply unless otherwise indicated) a judgment for damages obtained by the injured employee in a third party action is subject to the priority payment of reasonable litigation expenses and reasonable attorney fees (§ 3856; cf. § 3860 to the same effect relating to releases or settlements). However, where the action is prosecuted both by the employee and the employer and they are represented by separate attorneys, the reasonable attorney fees to be paid must be based "solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented." (§ 3856, subd. (c).) (See

generally *Quinn* v. *State of California* (1975) 15 Cal.3d 162 [124 Cal.Rptr. 1, 539 P.2d 761]; *Kaplan* v. *Industrial Indem. Co.* (1978) 79 Cal.App.3d 700 [145 Cal.Rptr. 219]; *Western Union Tel. Co.* v. *Mooney* (1968) 260 Cal.App.2d 915 [67 Cal.Rptr. 713].)

■ Under the 1959 recodification of the statute, the equitable concept of the common fund doctrine was retained requiring apportionment of attorneys' fees and establishment of priority of such payments in cases where the ultimate recovery could not satisfy both the claim for a reasonable attorney's fee and recoupment by the compensation carrier for benefits paid. (*Quinn, supra*, pp. 168-172.) The facts of the instant case fall within the area of legislative concern since the amount of intervener's lien far exceeds the amount of the judgment itself. Despite the 1959 clarifying legislation, earlier intermediate decisions continued to accord first priority to the employer's (or carrier's) lien restricting payment of the employee's attorney fees to the employee's share of the recovery. (See e.g., *Fuchs* v. *Western Oil Fields Supply* (1972) 25 Cal. App.3d 728, 735-737 [102 Cal.Rptr. 74]; *Moreno* v. *Venturini* (1969) 1 Cal.App.3d 286, 290-291 [81 Cal.Rptr 551]; *Johnson* v. *L.D.S. Trucking Co.* (1967) 254 Cal.App.2d 496, 499 [62 Cal.Rptr. 501].) However, in *Quinn* (third party suit brought by the employee alone where the employer's carrier intervened but did not otherwise participate), the court—in reaching its conclusion that the statute incorporates the principle that an active litigant may require the passive beneficiary of his or her efforts to contribute toward the payment for services rendered by the litigant's attorney in producing the recovery (*id.*, at p. 165)—expressly disapproved such earlier statutory constructions (*id.*, at p. 176). In ordering remand for purposes of fixing and apportioning a reasonable attorney fee, *Quinn* suggested by way of dictum that the duty of equitable apportionment is relinquished "[o]nly when each party separately employs his own attorney." (*Id.*, at p. 176, fn. 19.) Although a literal reading of the quoted dictum would result in the conclusion that the apportionment rule should not apply where both the employer and employee are separately represented, we construe that language to mean that the principle of equitable apportionment remains viable so long as the resulting fund is produced through the *active* efforts of only one of the parties in successfully prosecuting the suit to judgment. (Accord *Kaplan* v. *Industrial Indem. Co., supra*, 79 Cal. App.3d 700, 708-710 [apportionment of settlement under § 3860].) We believe such an interpretation provides symmetrical consistency with the strong legislative policy that injured employees be able to retain competent counsel to press third party claims without fear that their

employers' right to recoupment might deprive them of the only source of payment. (*Quinn, supra*, 15 Cal.3d 162, 173; *Western Union Tel. Co.* v. *Mooney, supra*, 260 Cal.App.2d 915, 919; but cf. *Eldridge* v. *Truck Ins. Exchange* (1967) 253 Cal.App.2d 365 [61 Cal.Rptr. 347] [apportionment priority denied where recovery produced no "benefit" to the injured employee].)

We agree with intervener's argument that the proper test should center upon whether its separately retained counsel actively participated to some degree in the successful prosecution of the litigation in effecting recovery for the benefit of the party so represented. Where such active participation is demonstrated, sound policy reasons (prolonged litigation and likely duplicative efforts) militate against efforts to weigh the relative contributions of counsel in an attempt to avoid liability for the other party's attorney's fees.

Herein, the trial court's finding that the judgment resulted solely from the efforts of plaintiff's counsel sheds no light on whether intervener's counsel actively participated or merely undertook a passive role in the litigation. On remand, should respondent succeed in proving that the recovery effected was *solely* the result of the *active* participation of his own counsel, he would then—but not otherwise—be entitled to an award of reasonable fees based upon the benefit thus conferred upon intervener. (*Kaplan* v. *Industrial Indem. Co., supra*, 79 Cal.App.3d 700, 713.)[1]

Judgment reversed and remanded for further proceedings not inconsistent with the views expressed herein.[2]

Elkington, J., and Newsom, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 8, 1982.

---

[1]While conflicting, the record reflects that intervener's counsel did attend some depositions, consulted with plaintiff's experts before trial, presented evidence relating to compensation benefits, participated in cross-examination and delivered a closing argument. If such activities were found to be true, it would constitute "active participation" as a matter of law foreclosing apportionment of attorneys' fees.

[2]The appeal from the nonappealable minute order is dismissed.