[No. A023675. First Dist., Div. One. Dec. 16, 1986.]

THOMAS WALSH, Plaintiff and Appellant, v.
RICHARD ANTHONY WOODS, Defendant and Respondent;
HIGHLANDS INSURANCE COMPANY, Intervener and Respondent.

COUNSEL

David P. Weaver, Jr., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Bryce C. Anderson, Joseph Millard and Mentz, Finn, Clarke, McDowell & Newton for Intervener and Respondent.

## OPINION

## RACANELLI, P. J.—

### BACKGROUND

Plaintiff Thomas Walsh was involved in a pedestrian-automobile collision with defendant Richard Woods and brought suit to recover damages for his injuries. Because plaintiff had been on the job at the time he was struck by defendant's car, he received workers' compensation benefits, which by the time of trial amounted to approximately $30,000. His employer's workers' compensation insurance carrier intervened in the lawsuit seeking reimbursement of the benefits paid to plaintiff.

Following a jury trial in plaintiff's third-party negligence action against respondent Woods, judgment was entered in favor of plaintiff and intervener, Highlands Insurance Company, his workers' compensation carrier, in the amount of $20,453. Plaintiff moved for an award of attorney fees contending his attorney was solely responsible for the ultimate recovery. The trial court granted the motion and awarded plaintiff's counsel $7,265 in fees plus $2,292 in costs to be deducted from the judgment *before* any payment of intervener's ($30,000) lien. Upon appeal by intervener, we reversed and remanded for further proceedings to determine whether intervener's counsel had actively participated in the litigation. (*Walsh* v. *Woods* (1982) 133 Cal.App.3d 764 [184 Cal.Rptr. 267] [*Walsh I*].) We held that if intervener's separately retained counsel actively participated in effecting recovery for its benefit, plaintiff would *not* be entitled to an award of apportioned attorney fees based upon the benefits conferred upon intervener.

On remand, the trial court found that although plaintiff's counsel had been primarily responsible for the recovery, intervener's counsel had also "actively participated" in the lawsuit, albeit minimally.[1] The trial court, while obviously of the belief that considerations of fairness dictated an

---

[1]The trial court noted that intervener's counsel contributed little, if any, to the ultimate recovery. Counsel's activities were limited to a few minutes of argument and minimal direct and cross-examination.

award of fees to plaintiff's counsel, reluctantly concluded under compulsion of *Walsh I* that plaintiff was not entitled to the apportionment of attorney fees previously paid. Plaintiff now appeals.

## DISCUSSION

 Plaintiff renews and reargues the same issue raised in *Walsh I*. Plaintiff does not challenge the trial court's finding that intervener's counsel "actively participated" in the underlying lawsuit but contends instead that it is unjust to deny an apportionment of attorney fees since his own attorney contributed substantially more than intervener's attorney and was the "sole" cause of the ultimate recovery. The contention is unpersuasive.

Ordinarily, a prevailing party is not entitled to attorney fees. (Code Civ. Proc., § 1021; *Gray* v. *Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 504 [198 Cal.Rptr. 551, 674 P.2d 253, 44 A.L.R.4th 763].) But an established exception to this rule is the so-called "common fund doctrine." (See generally *Serrano* v. *Priest* (1977) 20 Cal.3d 25, 34-47 [141 Cal.Rptr. 315, 569 P.2d 1303].) That is, a party who expends attorney fees in winning a lawsuit which creates a fund from which others derive benefits may require those passive beneficiaries to bear a fair share of the litigation costs. The amount of the judgment owing to the passive beneficiary may be reduced to compensate the active litigant for his attorney fees. (*Estate of Stauffer* (1959) 53 Cal.2d 124, 131-132 [346 P.2d 748].)

The common fund doctrine does not apply, however, where members of the benefitted group have retained their own, separate counsel to participate in the litigation. The common fund doctrine rewards an active litigant only where there are other, passive members of the group who benefit from the outcome. (*Estate of Bullock* (1955) 133 Cal.App.2d 542, 547 [284 P.2d 960]; *Estate of Korthe* (1970) 9 Cal.App.3d 572, 575-577 [88 Cal.Rptr. 465].)

 Labor Code section 3856 applies the common fund doctrine to third party actions. (*Quinn* v. *State of California* (1975) 15 Cal.3d 162, 169-171 [124 Cal.Rptr. 1, 539 P.2d 761].) That statute provides for awards of reasonable attorney fees payable out of the recovery fund.[2] Two conceptually different situations are recognized.

---

[2]Unless otherwise indicated, all further statutory references are to the Labor Code. Section 3856 provides in full: "In the event of suit against such third party:

"(a) If the action is prosecuted by the employer alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employer's attorney in effecting recovery both for the benefit of the employer and the employee. After the payment of such

First, section 3856 employs the common fund doctrine to compensate the active litigant who benefits a passive beneficiary. When the employee sues alone, the statute provides that the award of attorney fees is to be "based solely upon the services rendered by the employee's attorney *in effecting recovery both for the benefit of the employee and the employer.*" (§ 3856, subd. (b), italics added.) The same standard is used when the employer sues alone (§ 3856, subd. (a)) and when both parties are represented by a single attorney (§ 3856, subd. (c)). Stated differently, the trial court fixes the attorney fees based on the efforts of counsel which created the *common fund.* ▮ After fixing the amount of the attorney fee award, the trial court must apportion the fee award between the parties benefitted by the recovery; in doing so, the trial court must decide to what extent the passive beneficiary should contribute to the litigation expenses and fees which created the recovery fund. (*Quinn* v. *State of California, supra,* 15 Cal.3d at pp. 175-176.)

▮ Next, section 3856 recognizes that the common fund doctrine has no application when there are no passive beneficiaries. Thus, a different test is used when there are two attorneys involved rendering services on

---

expenses and attorney's fees, the court shall apply out of the amount of such judgment an amount sufficient to reimburse the employer for the amount of his expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852 and shall order any excess paid to the injured employee or other person entitled thereto.

"(b) If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852.

"(c) If the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions, and they are represented by the same agreed attorney or by separate attorneys, the court shall first order paid from any judgment for damages recovered, the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorneys' fees based solely on the services rendered for the benefit of both parties where they are represented by the same attorney, and where they are represented by separate attorneys, based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented. After the payment of such expenses and attorneys' fees the court shall apply out of the amount of such judgment for damages an amount sufficient to reimburse the employer for the amount of his expenditures for compensation together with any other amounts to which he may be entitled as special damages under Section 3852.

"(d) The amount of reasonable litigation expenses and the amount of attorneys' fees under subdivisions (a), (b), and (c) of this section shall be fixed by the court. Where the employer and employee are represented by separate attorneys they may propose to the court, for its consideration and determination, the amount and division of such expenses and fees." Parallel language is used in section 3860 when the lawsuit is settled.

behalf of their respective clients, the employer and the employee. In that case, the award of fees to each attorney is based not on the services benefitting both parties, but rather "upon the service rendered in each instance by the attorney *in effecting recovery for the benefit of the party represented.*" (§ 3856, subd. (c), italics ours.) Accordingly, the amount of the award to each attorney will be based on the efforts of the attorney for his own client. The doctrine of apportionment does not apply therein; each attorney fee award comes out of each party's own share of the recovery. "[W]hen each party separately employs his own attorney . . . the statute direct[s] the court to relinquish this duty of equitable apportionment, a legislative mandate fully in keeping with the development of a case law in this area. (§ 3856, subd. (c); see *Estate of Korthe* (1970) 9 Cal.App.3d 572, 577 [88 Cal.Rptr. 465]; Dawson, *Lawyers and Involuntary Clients: Attorney Fees From Funds* (1974) 87 Harv.L.Rev. 1597, 1649-1650.)" (*Quinn v. State of California, supra,* 15 Cal.3d at p. 176, fn. 19.)

As we noted in *Walsh I,* the *Kaplan* case clarified that the mere retention of separate counsel is not enough to defeat the common fund doctrine. ██ Subdivision (c) of section 3856 applies only when "the attorneys of both parties are *active* in creating the common fund." (*Kaplan v. Industrial Indem. Co.* (1978) 79 Cal.App.3d 700, 709, italics added.) Nominal participation will not suffice. (*Id.,* at pp. 709-710 [employer filed complaint in intervention and did nothing more]; see also *Quinn v. State of California, supra,* 15 Cal.3d 162 [employer merely filed lien]; *Eldridge v. Truck Ins. Exchange* (1967) 253 Cal.App.2d 365, 367 [61 Cal.Rptr. 347] [insincere or inadequate efforts might not constitute participation].)

We there recognized that the question of "active participation" was one of fact for the trial court. Accordingly, we remanded for an appropriate finding. (*Walsh I, supra,* 133 Cal.App.3d 764, 768.) ██ In light of the trial court's finding that both attorneys actively participated, the conclusion is inescapable that the employer is not a passive beneficiary reaping benefits from a common fund obtained solely through the efforts of the employee-litigant. Accordingly, apportionment of attorney fees out of the employer's share is unwarranted. Each party's attorney fees must come out of the party's respective share of the ultimate judgment.[3]

Plaintiff strongly suggests that in such cases the trial court should be permitted to weigh the relative contribution of each counsel's participation

___

[3]In our earlier opinion, we noted that: "While conflicting, the record reflects that intervener's counsel did attend some depositions, consulted with plaintiff's experts before trial, presented evidence relating to compensation benefits, participated in cross-examination and delivered a closing argument. If such activities were found to be true, it would constitute 'active participation' as a matter of law foreclosing apportionment of attorneys' fees." (*Walsh I, supra,* 133 Cal.App.3d at p. 768, fn. 1.)

so that the one who did the most work would be compensated accordingly. Whatever superficial appeal inheres in that egalitarian precept, the rules governing award of attorney fees speak to the contrary. The common fund doctrine rewards only a litigant whose efforts benefit a *passive* beneficiary. Where there is no passive beneficiary, as here shown, the general rule— that the major party litigant is not entitled to recover attorney fees—prevails.

The point is aptly illustrated in *Estate of Korthe, supra*, 9 Cal.App.3d 572. There, Attorney Rose brought a will contest representing certain beneficiaries under a purportedly revoked will. While the other beneficiaries were independently represented, Rose did the bulk of the work. The probate court awarded Rose $20,000 in attorney fees for his services in preserving a common fund. On appeal, the court reversed on the basis that the common fund doctrine was inapplicable when the parties were represented by separate counsel. In so holding, the court stated: "We appreciate that the record here indicates—and it is not really disputed—that Mr. Rose did the lion's share of the work which led to the highly favorable settlement with Barrett. It may therefore seem inequitable that he should get more or less the same fee from his clients as the other counsel presumably will get from theirs. That, however, is a situation in which attorneys find themselves many times and it is up to them to protect themselves by arrangements with other counsel." (*Id.,* at pp. 576-577, fn. omitted.)

The *Kaplan* court underscored the statutory inhibition to attempts to quantify the respective professional contributions: "It is manifest from their language that the sections do not require or permit the court to weigh the respective contributions of each counsel so long as both have been active in the creation of the fund out of which fees are awarded." (79 Cal.App.3d at p. 710.)

Indeed, in *Walsh I,* we also stated that: "Where such active participation is demonstrated, sound policy reasons (prolonged litigation and likely duplicative efforts) militate against efforts to weigh the relative contributions of counsel in an attempt to avoid liability for the other party's attorney's fees." (133 Cal.App.3d at p. 768.)

In conclusion, the pivotal issue of active participation by separate counsel is a question of fact for the trial court alone. The trial court having found on the evidence before it that intervener's counsel actively participated in the underlying litigation, plaintiff is not entitled to an apportionment of attorney fees notwithstanding his counsel's comparatively greater degree of active participation.

The order or judgment is affirmed.

Elkington, J., and Newsom, J., concurred.