[No. F015395. Fifth Dist. Jan. 28, 1992.]

MATTHEW HARTWIG, Plaintiff and Respondent, v.
ZACKY FARMS, Defendant and Appellant.

1552

---

## COUNSEL

O'Reilly, McIntosh, Walker & Spielman, John T. Walker and Philip L. Mach for Defendant and Appellant.

Daniel L. Harralson for Plaintiff and Respondent.

## OPINION

**DIBIASO, J.**—The trial court entered an order under Labor Code[1] section 3856,[2] allocating from a workers' compensation lien an amount for attorney fees and costs incurred by plaintiff Matthew Hartwig in obtaining the judgment from which the lien was satisfied. On appeal by the lienholder, defendant Zacky Farms (Zacky), we will affirm, and hold that Zacky presented insufficient evidence to prove it "actively participated" in the lawsuit which resulted in the judgment.

Hartwig brought an action for personal injuries arising out of a slip and fall which occurred on Zacky's premises. Hartwig also filed a workers'

---

[1] All statutory references are to the Labor Code.

[2] Section 3856 provides:

"In the event of suit against such third party:

"(a)  If the action is prosecuted by the employer alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employer's attorney in effecting recovery both for the benefit of the employer and the employee. After the payment of such expenses and attorney's fees, the court shall apply out of the amount of such judgment an amount sufficient to reimburse the employer for the amount of his expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852 and shall order any excess paid to the injured employee or other person entitled thereto.

"(b)  If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852.

"(c)  If the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions, and they are represented by the same agreed attorney or by separate attorneys, the court shall first order paid from any judgment for damages recovered, the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorneys' fees based solely on the services rendered for the benefit of both parties where they are represented by the same attorney, and where they are represented by separate attorneys, based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented. After the payment of such expenses and attorneys' fees the court shall apply out of the amount of such judgment for damages an amount sufficient to reimburse the employer for the amount of his expenditures for compensation together with any other amounts to which he may be entitled as special damages under Section 3852.

"(d)  The amount of reasonable litigation expenses and the amount of attorneys' fees under subdivisions (a), (b), and (c) of this section shall be fixed by the court. Where the employer and employee are represented by separate attorneys they may propose to the court, for its consideration and determination, the amount and division of such expenses and fees."

compensation claim. The compensation carrier engaged attorney James Emerson to represent it, paid benefits to Hartwig in the total sum of $88,814.23, and intervened in Hartwig's lawsuit. Shortly before trial, the compensation carrier assigned its lien claim to Zacky, in exchange for a payment of $30,000 from Zacky, and was dismissed from the case. Hartwig and Zacky were the only participants at trial. The jury returned a verdict in favor of Hartwig and against Zacky in the net amount of $112,500.

Subsequently, Hartwig moved for an order under section 3856 awarding him attorney fees out of Zacky's compensation lien. The trial court found that Hartwig's counsel was solely responsible for obtaining the verdict because at trial Zacky denied all liability and took the position Hartwig should recover nothing. With respect to the services performed by Emerson, the court concluded the attorney had been "an active participant" in obtaining the $30,000, but "he was a zero participant in anything after the $30,000 was obtained," and "had nothing to do with the achievement of the [verdict], nothing." Consistent with this theme, the court distinguished the two funds involved, and remarked that "there was active participation by Mr. Emerson in obtaining [the settlement fund] of $30,000," but not the fund represented by the jury verdict: "I have no indication that he spent one bit of time in obtaining the [verdict]." Thereafter, the court signed a written order, from which Zacky appeals, allocating to Hartwig from the lien the sum of $32,460.91 as attorney fees, in addition to nonrecoverable costs.

■ Generally, under section 3856, an employee who obtains a judgment in a third party action that creates a fund from which the compensation carrier's lien is satisfied, in whole or part, may require the passive beneficiary to bear a fair share of the litigation costs. (*Quinn* v. *State of California* (1975) 15 Cal.3d 162, 167 [124 Cal.Rptr. 1, 539 P.2d 761].) This principle of equitable apportionment applies where both the employee and the employer (or the workers' compensation carrier) "retain separate attorneys so long as the resulting fund is produced through the efforts of only one of them." (*Kaplan* v. *Industrial Indem. Co.* (1978) 79 Cal.App.3d 700, 709 [145 Cal.Rptr. 219].) However, allocation is inappropriate when the injured party and the lienholder employ separate attorneys who each actively participate in the generation of the fund out of which fees are sought. (*Walsh* v. *Woods* (1986) 187 Cal.App.3d 1273, 1278-1279 [232 Cal.Rptr. 629] (*Walsh II*); *Kaplan* v. *Industrial Indem. Co., supra,* 79 Cal.App.3d at p. 710.) In such circumstances, "sound policy reasons . . . militate against efforts to weigh the relative contributions of counsel in an attempt to avoid liability for the other party's attorney's fees." (*Walsh* v. *Woods* (1982) 133 Cal.App.3d 764, 768 [184 Cal.Rptr. 267] (*Walsh I*).) If otherwise justified, attorney fees may be apportioned "even where the lien has been assigned to the third party."

(*Quinn* v. *Warnes* (1983) 144 Cal.App.3d 309, 319, fn. 7 [192 Cal.Rptr. 660].)

 On appeal, Zacky claims it "stood in the shoes" of the compensation carrier and was entitled to benefit from Emerson's preassignment work on the case.  According to Zacky, because Emerson actively participated in the lawsuit up to the date of the assignment, the apportionment order was error. In part, Zacky relies upon: (1) the remark by the trial court during the hearing that it "took [Zacky's] declaration at face value"; (2) the court's agreement with the comment that the "carrier's attorney was active up until shortly before trial, *including all prior discovery*" (italics added);[3] (3) the trial court's acceptance of the notion Zacky was entitled to adopt for its benefit Emerson's preassignment work on the case; and (4) the principle that the "relative contributions of counsel" will not be weighed in order to apportion fees. (See *Walsh I, supra*, 133 Cal.App.3d at p. 768.)

It is unnecessary to resolve the legal issue framed by Zacky because there is an underlying factual deficiency in its case. Even assuming Zacky's legal arguments are correct, the record evidence is insufficient to support a finding by the trial court that Emerson actively participated in the lawsuit.

The only evidence of Emerson's services presented by Zacky in opposition to Hartwig's motion consisted of the declaration of James Emerson, the substantive portion of which stated, verbatim, as follows:

"Our firm prosecuted the case on behalf of [the compensation carrier] until shortly before trial, when the defendant settled with [the compensation carrier]. The settlement provided that in return for the defendant paying intervenor approximately $30,000.00, defendant would receive an Assignment of Intervenor's Rights. The settlement was consummated and intervenor filed a Dismissal Without Prejudice as to its action and then filed the lien which was assigned to defendant Zacky Farms.

"Our office spent much time and expense in pursuing our client's recovery. Our records will reflect that our firm had a representative attend and participate in the deposition of plaintiff, attend settlement conferences, prepare opposition to defendant's Motion for Summary Judgment, attend hearing on Motion for Summary Judgment, prepare Demand to Exchange

---

[3]These statements could be viewed as inconsistent with the trial court's other observations during the hearing to the effect that Emerson had "nothing" to do with obtaining the jury verdict. Nevertheless, whatever reasoning led the trial court to rule as it did, we are required to affirm the decision if it is correct on any basis. (*Davey* v. *Southern Pacific Co.* (1897) 116 Cal. 325, 329 [48 P. 117].)

List of Expert Witnesses, attend trial confirmation conferences and attend the deposition of defendant, employee Larry Bishop."

■ The principle embodied in section 3856 applies only when "the attorneys of both parties are active in creating the common fund." (*Kaplan* v. *Industrial Indem. Co.*, *supra*, 79 Cal.App.3d at p. 709.) "Nominal participation will not suffice." (*Walsh II*, *supra*, 187 Cal.App.3d at p. 1278; see also *Eldridge* v. *Truck Ins. Exchange* (1967) 253 Cal.App.2d 365, 367 [61 Cal.Rptr. 347].) Therefore, merely retaining separate counsel or filing a complaint in intervention or a lien, with nothing more, does not satisfy the standard of "active participation." (*Walsh II*, *supra*, at p. 1278.)

■ Here, Emerson's declaration at most proved that representatives of his firm made a number of appearances and filed one or two papers of unknown subject, length or content during the time he represented the carrier as an intervener. This unspecific and ambiguous showing falls well short of affirmatively demonstrating the active participation required to defeat apportionment. The precise nature of Emerson's services is entirely unexplained. There was no evidence of the hours expended by Emerson in connection with his activities, nor was there any concrete description, such as by attached copies of documents or copies of transcripts of oral proceedings, which tended to show his participation consisted of any sort of serious attempt to advance his client's case.[4]

The generality of Emerson's declaration makes it impossible to determine whether the services he described consisted of a conscientious attempt to represent the carrier's interests by addressing matters pertinent to the substantive issues involved in the case against Zacky or, instead, a perfunctory, nominal attempt to place a "warm body" whenever and wherever the opportunity arose. For example, "participating" in a deposition could describe conduct consisting of simply giving a business card to the court reporter for purposes of noting the appearance and thereafter perusing a magazine while the plaintiff's attorney questions the deponent. Similarly, "appearing" at a hearing could describe nothing more than a statement of presence and representation by counsel. "Opposition" to a motion for summary judgment could mean simply the filing or announcement of a one sentence joinder to the respondent's argument and papers.

The fact the appellate court in *Walsh II* did not disturb the trial court's finding of active participation, which was apparently based upon "a few

___

[4]One of the other declarations submitted by Zacky in opposition to the apportionment motion included a representation that the compensation carrier had expended in excess of $11,000 for its attorney fees in the case. However, Zacky presented no evidence which established that any or all of this sum represented legal services performed in connection with the lawsuit and not the negotiations for, or implementation of, the assignment.

minutes of argument and minimal direct and cross-examination" (187 Cal.App.3d at p. 1275 & fn. 1), does not persuade us to reverse the trial court's decision in the instant case. The opinion in *Walsh II* does not disclose the exact nature of the evidentiary showing made by the lienholder in the trial court, and, since the plaintiff in *Walsh II* did not challenge on appeal the trial court's determination of active participation, the appellate court accepted the finding. (*Id.* at p. 1276.)

In any event, even if *Walsh II* were read to hold that the "minimal" activity identified in the opinion is sufficient as a matter of law to constitute active participation, we would respectfully disagree. We are unwilling to adopt a rule which permits the lienholder to defeat apportionment by relying solely on conclusory assertions that do not demonstrate it did anything more than "tag along" with the plaintiff. If the lienholder desires to avoid apportionment, it must provide the trial court with sufficient factual detail to establish that its activities constituted a conscientious effort in the circumstances to address the substantive issues encompassed by the lienholder's case. (See *Walsh I, supra,* 133 Cal.App.3d at p. 768, fn. 1.) Whether the showing by the lienholder in any one instance constitutes substantial evidence of active participation will necessarily turn upon the particular facts and events involved in the action.

By this holding we do not intend to question or undercut the rule prohibiting the weighing of the relative efforts of counsel in connection with motions for apportionment. (See *Walsh I, supra,* 133 Cal.App.3d at p. 768.) We here address only the nature of the proof necessary to establish "active participation." ■ Once the trial court is satisfied both parties have presented sufficient evidence of their respective active participation, the fact that one side's efforts outweighed the other's in number or importance is of no consequence. (See *Steinberg* v. *Allstate Ins. Co.* (1990) 226 Cal.App.3d 216, 222-223 [277 Cal.Rptr. 32].)

## DISPOSITION

The postjudgment order appealed from is affirmed.

Best, P. J., and Thaxter, J., concurred.