[No. C013239. Third Dist. July 20, 1993.]

JAMES CRAMPTON, Plaintiff and Appellant, v.
YASUO TAKEGOSHI, Defendant and Respondent.

COUNSEL

Boccardo Law Firm and Byron C. Foster for Plaintiff and Appellant.

Donahue & Callaham, Jeffrey W. Lambert and Stephen J. Mackey for Defendant and Respondent.

OPINION

SPARKS, Acting P. J.—In this appeal we consider an employee's entitlement to attorney fees under Labor Code section 3856, subdivision (b), and

the interplay of that statute with Code of Civil Procedure section 1141.21. The first statute authorizes the recovery of litigation expenses and attorney fees when an injured employee alone prosecutes an action against a third party tortfeasor while the second statute imposes penalties for the failure to recover a more favorable judgment upon a trail de novo following judicial arbitration.

This case, centering on attorney fees provisions under the workers' compensation statute, involves a plaintiff who did not obtain a net recovery in his lawsuit because of a lien for benefits paid by his employer but nonetheless asserts entitlement to costs and fees. The trial court found that although plaintiff James Crampton was the prevailing party in his suit against the negligent third party, defendant Yasuo Takegoshi, an award of costs and attorney fees to plaintiff was precluded by Code of Civil Procedure section 1141.21. We disagree and shall reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, an employee of Toscana Baking Company/Colombo Baking Company (employer), was driving a company truck in June 1986 when he was hit by another vehicle driven by defendant. Alleging negligence, plaintiff brought suit against defendant for his injuries. ■■ His employer filed a complaint in intervention seeking to recoup the workers' compensation benefits it had paid to plaintiff.[1] The parties stipulated that the

---

[1]Under Labor Code section 3852, "[t]he claim of an employee, . . . for compensation [under the workers' compensation system] does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer." Thus, "[a]n employee who sustains an injury arising out of and in the course of his or her employment caused by the negligence of a third party . . . when the third party is not his or her employer, may bring a civil action for damages against the third party in the same manner as though the injury were not work connected." (1 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed. 1993) § 11.20[1], p. 11-60.)

Consequently, "[w]here the tort of a third party causes injury to an employee, Labor Code section 3852 permits the employee to sue the tortfeasor for *all* damages proximately resulting from the injury even though he or she has received from an employer workers' compensation benefits covering some of the same injuries and resulting disability. To prevent an employee from retaining both third party damages *and* workers' compensation benefits for the same injuries and disabilities, the Labor Code permits an employer to recover workers' compensation benefits it has become obligated to pay and/or has paid by (1) bringing an action directly against the tortfeasor (§ 3852), (2) joining as a party plaintiff or intervening in an action brought by the employee (§ 3853), or (3) allowing the employee to prosecute the action and then applying for a first lien against the amount of the employee's judgment (§ 3856, subd. (b)). . . ." (*Demkowski* v. *Lee* (1991) 233 Cal.App.3d 1251, 1257-1258 [234 Cal.Rptr. 919], italics in original, fn. and some citations omitted.) In this case, the employer's complaint in intervention sought to recover some $18,740 in benefits paid as of the date of its filing on October 2, 1987, and such additional benefits as may be paid until judgment is rendered.

case be submitted to judicial arbitration.[2]

By the time an arbitration hearing was held in January 1990, employer had paid nearly $72,000 in workers' compensation benefits. However, the arbitrator found that not all of these costs were reimbursable, nor were all of plaintiff's claimed damages recoverable from defendant, as they stemmed from sources other than this accident and extended beyond the time plaintiff should have returned to work. Specifically, the arbitrator concluded plaintiff's physical injuries had been alleviated such that he could have returned to his previous occupation on a full-time basis at the end of 1986. He outlined plaintiff's psychological problems in some detail and found them to be "far out of proportion to the physical injuries received and were most likely related to other unrelated factors of stress in [plaintiff's] life[.]" The arbitrator determined plaintiff's "emotional injuries related to the accident were, or certainly should have been resolved by the end of 1986, and that any inability thereafter to return to his job was due to factors which pre-dated the accident. [¶] In short, . . . but for causes wholly unrelated to the subject accident, [plaintiff] should have been physically and emotionally capable of returning to his job [with employer] as of January 1, 1987."

The arbitrator issued an award totalling $44,497.72. The award was allocated as follows: $8,497.72 for medical costs, and physical and psychological therapy related to the accident; $16,000 for lost wages for six months; and $20,000 in general damages. The arbitrator explained that any expenditures by employer on or after January 1, 1987, were not causally related to the accident and hence were noncompensable in this action against the third party tortfeasor. He awarded the intervening employer $16,819.72, the amount spent prior to January 1, and awarded plaintiff the balance of $27,678.

Plaintiff rejected the arbitration award and elected to have a trial de novo. (Code Civ. Proc., § 1141.20.)

Employer thereafter sold its lien to defendant for $25,000 and its complaint in intervention was dismissed.[3] Plaintiff's claim against defendant proceeded to trial. By stipulation of the parties, the jury was

---

[2]In counties with 10 or more judges, judicial arbitration is mandatory when the court believes the amount in controversy will not exceed $50,000. (Code Civ. Proc., § 1141.11.) The parties may also stipulate to judicial arbitration regardless of the amount in controversy. (Code Civ. Proc., § 1141.12.) Here the parties so stipulated and waived the $50,000 limit pursuant to Code of Civil Procedure section 1141.12.

[3]An employer entitled to reimbursement for payment of workers' compensation benefits may assign its lien rights, even to the tortfeasor, who then steps into the shoes of the employer/intervener. (*Engle* v. *Endlich* (1992) 9 Cal.App.4th 1152, 1164 [12 Cal.Rptr.2d 145]; *Raisola* v. *Flower Street Ltd.* (1988) 205 Cal.App.3d 1004, 1008-1009 [252 Cal.Rptr.

informed that plaintiff would not recover anything unless the jury returned a verdict of more than $75,000, the amount spent on workers' compensation benefits.[4] The jury returned a verdict for plaintiff, but awarded him only $58,862.

Plaintiff filed a memorandum of costs seeking to recover $28,749.03 in costs. Of that total sum, $5,204.23 represented ordinary costs and the balance of $23,544.80 represented attorney fees claimed under Labor Code section 3856, subdivision (b). This section provides that in the event of a suit against a third party, prosecuted by the employee alone, "the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer." Only then is the employer's lien recognized.[5]

Defendant filed his own memorandum of costs for approximately $6,000 and then moved to tax plaintiff's costs, asserting that Labor Code section 3856 was inapplicable and that Code of Civil Procedure section 1141.21, subdivision (a), precluded the award of costs and attorney fees. This latter statute outlines the risks faced by a party who seeks a trial de novo after a judicial arbitration proceeding and provides: "If the judgment upon the trial de novo is not more favorable in either the amount of damages awarded or the type of relief granted for the party electing the trial de novo than the arbitration award, the court shall order that party to pay [certain] nonrefundable costs and fees, . . ." (Code Civ. Proc., § 1141.21, subd. (a).) These nonrecoverable costs include attorney fees otherwise authorized by statute or contract. (*Ibid.*; see Code Civ. Proc., § 1033.5, subd. (a)(10).) In addition, the statute requires the payment to the other party or parties of "all costs

---

726].) "A workers' compensation insurer [or an employer] may be willing to assign its lien for benefits paid on behalf of an employee/plaintiff for a sum less than face value on the theory a bird in hand is worth two in the bush." (*Engle* v. *Endlich, supra*, 9 Cal.App.4th at p. 1163.)

Upon the dismissal of the employer's complaint in intervention, there were only two parties remaining in the litigation, plaintiff James Crampton and defendant Yasuo Takegoshi.

[4]As we noted earlier, the arbitrator found that some of the workers' compensation benefits paid to or on behalf of plaintiff were not attributable to the vehicular accident negligently caused by the defendant. The appellate record does not reflect a similar finding or challenge in the de novo trial.

[5]The statute continues: "After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages . . . ." (Lab. Code, § 3856, subd. (b).)

specified in Section 1033.5, and the party electing the trial de novo shall not recover his or her costs." (Code Civ. Proc., § 1141.21, subd. (a)(ii).)

Relying on these provisions, defendant argued plaintiff was not entitled to fees because while the judgment rendered at trial was approximately $15,000 more than the arbitrator's award, plaintiff's actual recovery was zero, substantially less than the nearly $28,000 he had been awarded in arbitration.

Plaintiff in turn moved to tax defendant's cost bill on the ground that defendant was not the prevailing party. The trial court ruled that Code of Civil Procedure section 1141.21 precluded an award of costs and attorney fees to plaintiff and therefore granted defendant's motion to tax costs. Finally, the court denied plaintiff's motion to tax defendant's cost bill. As the trial court saw it, "[p]laintiff's actual recovery at arbitration was $27,678.00. Plaintiff's actual recovery at trial was zero. Plaintiff elected a trial de novo and obtained a judgment that was less favorable." This appeal by plaintiff followed.

 Plaintiff contends he is entitled to ordinary costs as the prevailing party even though there was not net recovery.[6] He further contends that he is entitled to litigation expenses and attorney fees under Labor Code section 3856.

Labor Code section 3856 deals with actions against third parties and covers suits prosecuted by the employer alone (subd. (a)), by the employee alone (subd. (b)), and those prosecuted both by the employee and the employer in a single action or consolidated actions (subd. (c)). In general, this statute provides for the payment of litigation expenses and attorney fees and for reimbursement to the employer for the amount paid for workers' compensation benefits. This case is governed by subdivision (b) of this statute because the trial de novo was prosecuted by the injured employee alone, the employer's complaint in intervention having been dismissed.

As we have noted, this subdivision provides in relevant part that, if the action is prosecuted by employee alone, "the court shall first order paid from

---

[6]Plaintiff devotes several pages of his brief to arguing that although he did not actually recover monetary damages at trial, he was nonetheless the prevailing party for purposes of Code of Civil Procedure cost statutes. (See Code Civ. Proc., § 1032 et seq.) No one contends otherwise. The trial court specifically found plaintiff to be the prevailing party since a money judgment was rendered in his favor on the question of liability, a conclusion accepted by defendant. (See *Pirkig* v. *Dennis* (1989) 215 Cal.App.3d 1560, 1565-1567 [264 Cal.Rptr. 494]; *Syverson* v. *Heitmann* (1985) 171 Cal.App.3d 106, 112 [214 Cal.Rptr. 581].) What defendant contends is that Code of Civil Procedure section 1141.21 denies plaintiff the right to recover either costs as the prevailing party or attorney fees under the Labor Code and instead awards defendant his costs as the party who did not elect a trial de novo.

any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of employee and the employer." (Lab. Code, § 3856, subd. (b).)

█ This statute incorporates the equitable principle of apportionment between an active litigant and a passive beneficiary. (*Quinn* v. *State of California* (1975) 15 Cal.3d 162, 168-169 [124 Cal.Rptr. 1, 539 P.2d 761].) "Although American courts, in contrast to those of England, have never awarded counsels' fees as a routine component of costs, at least one exception to this rule has become as well established as the rule itself: that one who expends attorneys' fees in winning a suit which creates a fund from which others derive benefits, may require those passive beneficiaries to bear a fair share of the litigation costs. . . ." (*Id.* at p. 167, fn. omitted.) "In the labor law arena, this idea has been codified in Labor Code sections 3856 and 3860."[7] (*Raisola* v. *Flower Street Ltd., supra*, 205 Cal.App.3d at p. 1008, fn. omitted.) Thus, "a party who expends attorney fees in winning a lawsuit which creates a fund from which others derive benefits may require those passive beneficiaries to bear a fair share of the litigation costs. . . ." (*Walsh* v. *Woods* (1986) 187 Cal.App.3d 1273, 1276 [232 Cal.Rptr. 629].)

The considerations underlying this "common fund doctrine" are: (1) fairness to the successful litigant, whose recovery might otherwise be consumed by expenses; (2) prevention of unfair advantage by requiring passive beneficiaries to bear their fair share of the burden of recovery; and (3) encouragement of attorneys, who will be more willing to take cases if assured of prompt compensation when successfully recovering a judgment. (*Quinn* v. *State of California, supra*, 15 Cal.3d at p. 168.)

Thus, the equitable apportionment and the common fund doctrines codified in Labor Code section 3856 permit the active litigant who benefits a passive beneficiary to recover a portion of his attorney fees and costs. "When the employee sues alone, the statute provides that the award of attorney fees is to be 'based solely upon the services rendered by the employee's attorney *in effecting recovery both for the benefit of the employee and the employer.*' (§ 3856, subd. (b)[]) The same standard is used when the employer sues alone (§ 3856, subd. (a)) and when both parties are represented by a single attorney (§ 3856, subd. (c). █ Stated differently, the trial court fixes the attorney fees based on the efforts of counsel which

---

[7]As the *Raisola* court noted, "Section 3860 codifies an identical result when an injured party settles a claim with the tortfeasor." (*Raisola* v. *Flower Street Ltd., supra*, 205 Cal.App.3d at p. 1008, fn. 1.)

created the *common* fund. After fixing the amount of the attorney fee award, the trial court must apportion the fee award between the parties benefitted by the recovery; in doing so, the trial court must decide to what extent the passive beneficiary should contribute to the litigation expenses and fees which created the recovery fund." (*Walsh* v. *Woods, supra,* 187 Cal.App.3d at p. 1277, italics in original.)

If, however, there are no passive beneficiaries, the common fund doctrine has no application. When the injured party and the lienholder employ separate attorneys, each of whom actively participates in the creation of the fund out of which fees are sought, allocation is inappropriate. In such cases, a party may not seek to weigh the relative contributions of counsel in an attempt to avoid liability for the other party's attorney fees. (*Hartwig* v. *Zacky Farms* (1992) 2 Cal.App.4th 1550, 1554 [3 Cal.Rptr. 828].) Instead, the amount of award to each attorney is based on the efforts of the attorney for his or her own client, with each attorney fee award paid for out of each party's own share of the recovery. "In that case, the award of fees to each attorney is based not on the services benefitting both parties, but rather 'upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented.' ([Lab. Code,] § 3856, subd. (c).)" (*Walsh* v. *Woods, supra,* 187 Cal.App.3d at p. 1278, italics omitted.)

Plaintiff asserts the common fund doctrine as codified in Labor Code section 3856 entitles him to attorney fees. Defendant counters that plaintiff is not entitled to fees because there was no actual recovery and hence no common fund created for the benefit of a passive beneficiary. Defendant confuses his role as the assignee of the employer with his status as a third party defendant.

In the more typical situation in which these principles arise, the fund created through plaintiff's sole efforts is sufficient to repay the lienholder *and* allow plaintiff to recover some or most of his damages. (See, e.g., *Quinn* v. *State of California, supra,* 15 Cal.3d at p. 166; *Hartwig* v. *Zacky Farms, supra,* 2 Cal.App.4th at pp. 1553-1554; *Kaplan* v. *Industrial Indem. Co.* (1978) 79 Cal.App.3d 700, 702-703, 709 [145 Cal.Rptr. 219].) Here, no net recovery to plaintiff was obtained, but a benefit was nonetheless conferred upon a passive beneficiary. When plaintiff's employer sold its lien to defendant, defendant stepped into the shoes of employer for all purposes. (See *Engle* v. *Endlich, supra,* 9 Cal.App.4th at p. 1165; *Raisola* v. *Flower Street Ltd., supra,* 205 Cal.App.3d at p. 1009; *Hone* v. *Climatrol Industries, Inc.* (1976) 59 Cal.App.3d 513, 530 [130 Cal.Rptr. 770].) The jury returned a verdict of nearly $59,000 against defendant. Had that fund not been

generated by plaintiff's legal efforts alone, the employer (or its assignee) would not have had any fund from which to recoup (or offset) the amount of workers' compensation benefits paid to plaintiff. The employer held a lien for $75,000 and plaintiff's efforts enabled it (or in this case, its assignee) to satisfy a good portion of that claim.

The result is not changed simply because the employer assigned its rights to defendant. Defendant simply stands in the shoes of the employer and the lien rights he obtained by assignment from the employer must be treated the same way. To the extent that defendant is asserting his assigned lien rights to offset the judgment against him, he is asserting them as the employer and not in his capacity as a party defendant. And those lien rights of the employer are allowable against the judgment only "[a]fter the payment of such [litigation] expenses and attorney's fee . . . ." (Lab. Code, § 3856, subd. (b).) Consequently, plaintiff is entitled to an award of attorney fees under this statute for securing a verdict benefitting the lienholder.

██ But the trial court concluded that plaintiff's claim for costs and attorney fees was precluded by Code of Civil Procedure section 1141.21. As noted this statute precludes the award of costs and fees "if the judgment upon the trial de novo is not more favorable in either the amount of damages awarded or the type of relief granted for the party electing the trial de novo than the arbitration award, . . ." (Code Civ. Proc., § 1141.21, subd. (a).)

██ The policies behind the statute are clear. "Unlike commercial or true arbitration, judicial arbitration is not binding, since any party dissatisfied with an award may elect trial de novo. . . . The Legislature, however, seeking to encourage finality of judicial arbitration awards, enacted disincentives to trial de novo. . . . For example, if a party requesting trial de novo does not obtain a more favorable judgment, he or she is liable for significant costs and fees. . . . [¶] Discouraging trial de novo is essential to the proper functioning of the judicial arbitration system. Along with its goal of resolving small claims efficiently and affordably, judicial arbitration is intended to ease court case loads. . . . The success of judicial arbitration in achieving these goals is dependent on a small incidence of trial de novo election." (*Flynn* v. *Gorton* (1989) 207 Cal.App.3d 1550, 1555 [255 Cal.Rptr. 768], fn. and citations omitted; see also *Dermirgian* v. *Superior Court* (1986) 187 Cal.App.3d 372, 376 [231 Cal.Rptr. 698].)

██ We agree that when a litigant obtains a less favorable judgment in terms of damages than was obtained in the judicial arbitration proceedings, this section precludes an award of litigation expenses and attorney fees otherwise due under Labor Code section 3856, subdivision (b). By its

express terms, Code of Civil Procedure section 1141.21, subdivision (a), provides in such circumstances the court shall order the party electing a trial de novo to pay specified "nonrefundable costs and fees . . . ." That party must pay "[t]o the other party or parties, all costs specified in Section 1033.5, and the party electing the trial de novo shall not recover his or her costs." (Code Civ. Proc., § 1141.21, subd. (a)(ii).) Allowable costs under the referenced statute include "[a]ttorney fees, when authorized by either of the following: [¶] (A) Contract. [¶] (B) Statute." (Code Civ. Proc., § 1033.5, subd. (a)(10).) But in this case, as we shall explain, plaintiff recovered a more favorable judgment in terms of the damages awarded.

Here plaintiff received an arbitration award of $44,497.72. By virtue of employer's complaint in intervention, the arbitrator allocated $16,819.72 to employer as reimbursement for disability payments and medical expenses. That allocation, however, does not change the fact that the arbitrator found plaintiff had suffered damages of approximately $44,500 by virtue of the defendant's negligent act. ■■ A lien claim is parasitic and thus may not exceed the amount of damages the employee recovers from the third party tortfeasor. "In general, the employer can recover the amount of workers' compensation benefits it has paid, but in a given case, the amount of its judgment may not exceed the total amount of tort damages suffered by the employee. The employee is entitled to have the jury determine his or her total tort damages, but may recover only a net judgment for the difference, if any, between the total tort damages and the workers' compensation benefits received." (*Demkowski* v. *Lee, supra*, 233 Cal.App.3d at p. 1258.) Thus, what is to be measured for purpose of the statute is the total award obtained in the arbitration proceeding as against the total judgment in the third party proceeding, not the amount that plaintiff actually received after deduction of the employer's lien in those proceedings. At trial, the jury returned a verdict in favor of plaintiff for $58,862. Consequently, as against defendant as the third party tortfeasor, plaintiff recovered a more favorable judgment in the amount of damages awarded in the de novo trial than he did in the arbitration proceeding.

Defendant and the trial court overlooked the critical point that the statute in question deals with the allocation of costs between the litigating parties. Since costs are not assessable against nonparties, the imposition of costs under the statute as a penalty makes sense only in relation to parties to the action. At the time of the de novo trial there were only two parties to this litigation, plaintiff and defendant. Since the employer was not a party to this trial, its assigned lien was not a factor in the calculation used to determine whether the amount of damages awarded to plaintiff on the trial de novo was "more favorable" or not. ■■■■ What is to be measured is the

amount of damages awarded between the litigants in their capacity as parties, not their setoff rights obtained from other lienholders. Because the verdict rendered at trial as between plaintiff and defendant was larger than the arbitrator's award of $44,497.72, Code of Civil Procedure section 1141.21 does not apply.[8] Accordingly, plaintiff is entitled to his costs as the prevailing party under Code of Civil Procedure section 1032 and to attorney fees as fixed by the court under Labor Code section 3856, subdivision (d).

## DISPOSITION

The judgment is reversed and the cause remanded to the trial court with directions to enter new and different orders denying defendant's motion to tax costs and allowing plaintiff's cost bill according to law, and then fixing the amount of reasonable litigation expenses and the amount of attorney fees pursuant to Labor Code section 3856, subdivision (d). Plaintiff shall recover his costs on appeal.

Davis, J., and Nicholson, J., concurred.

Respondent's petition for review by the Supreme Court was denied October 14, 1993.

---

[8]Plaintiff also asserts Code of Civil Procedure section 1141.21 is inapplicable because he falls within the exception outlined in Code of Civil Procedure section 1141.26. That statute provides: "Nothing in this act shall prohibit an arbitration award in excess of the amount in controversy as specified in Section 1141.11 [i.e., $50,000]. No party electing a trial de novo *after such award* shall be subject to the provisions of Section 1141.21 if the judgment upon the trial de novo is in excess of the amount in controversy as specified in Section 1141.11." (Code Civ. Proc., § 1141.26, italics added.)

Plaintiff contends that because the jury returned a verdict of more than $50,000, Code of Civil Procedure section 1141.26 is inapplicable. He errs. The statute refers to "such award" and that phrase in turn refers to "an arbitration award in excess of the amount in controversy as specified in section 1141.11. . . ." (Code Civ. Proc., § 1141.26.) The clear predicate for the exception outlined in Code of Civil Procedure section 1141.26 is an arbitrator's award of more than $50,000. As the arbitration award here totalled less than $45,000, Code of Civil Procedure section 1141.26 has no bearing on this case.