[No. G014202. Fourth Dist., Div. Three. Feb. 17, 1995.]

LEOLA KINDT, Plaintiff and Appellant, v.
OTIS ELEVATOR COMPANY, Defendant and Respondent.

**COUNSEL**

Rose, Klein & Marias and Douglas Hatchimonji for Plaintiff and Appellant.

Hornberger & Criswell, James L. Wellman and David Berry for Defendant and Respondent.

**OPINION**

**WALLIN, J.**—The trial court denied Leola Kindt's motion under Labor Code section 3856,[1] to allocate from a workers' compensation lien an amount for attorney fees and costs she incurred in obtaining the judgment from which the lien was satisfied. She appeals, arguing there was insufficient evidence to show the lienholder actively participated in the lawsuit resulting in the judgment. She is right; we reverse.

[1] All statutory references are to the Labor Code.

Kindt sustained an on-the-job injury in an elevator accident. She filed a workers' compensation claim and received almost $20,000 in benefits. She also filed a third party personal injury lawsuit against Otis Elevator Company, the manufacturer of the elevator, and GT Partners/Heitman Properties, the owners and operators of the building where the accident occurred. The workers' compensation insurance carrier for Kindt's employer (Intervener), filed a complaint in intervention seeking to enforce its lien rights against any judgment obtained by Kindt for workers' compensation benefits already paid.

One week before trial, Otis purchased Intervener's lien rights for $11,500 and the complaint in intervention was dismissed. Also before trial, Kindt settled with GT Partners/Heitman Properties and dismissed it from the lawsuit.

The case proceeded to trial against Otis only. Kindt obtained a $30,000 verdict, subject to a lien in the amount of $19, 560.45, in favor of Otis as assignee of Intervener's lienholder rights. Thereafter, Kindt filed a motion for attorney fees and costs under section 3856.[2] Attached to the motion was the declaration of Kindt's trial counsel, Douglas Hatchimonji, in which he averred his law firm had tried the case to jury verdict without any assistance from Intervener. Intervener did not institute any discovery, notice any depositions in anticipation of trial, or retain any expert witnesses on behalf of Kindt. All of the costs of trial were borne by Kindt's attorneys.

Otis opposed the motion on the grounds Intervener's counsel actively participated in the litigation until the week before trial, when Otis purchased Intervener's lien rights and dismissed it from the case. Attached to the opposition was the declaration of Otis's trial counsel in which he averred, "The intervenor in this case actively participated in this case by attending all depositions, the arbitration, the mandatory settlement conference, and expert depositions."

The hearing was continued to permit counsel to file supplemental briefing and declarations. Hatchimonji submitted additional declarations stating Intervener's counsel attended only three out of four depositions; and of those

---

[2]Section 3856 provides that in the event of a third party lawsuit by the injured employee, "the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852." (§ 3856, subd. (b).)

depositions, it asked only one question of one witness. In its designation of expert witnesses, Intervener simply named " 'all such witnesses so designated by the Plaintiff and Defendants in this case.' "

Otis submitted a supplemental declaration from Intervener's trial counsel, Michael Fox, in which he explained the reason for Intervener's failure to examine each of the deponents was that "there were multiple defendants in this case, and most [of] the information needed would be previously brought out by the defendant attorney for the property owner, or by the plaintiff['s] attorney. Consequently, both attorneys did a sufficient job in attempting to establish liability thereby not needing much further additional discovery questions that had to be asked." Fox's declaration further indicated Intervener also prepared and served a notice of intent to introduce documentary evidence at arbitration. Finally, Fox averred his firm expended 86.25 hours pursuing its complaint in intervention.

The court's tentative ruling was to grant the request for attorney fees, stating that in reaching that determination "it boils down . . . to whether or not the intervenor was actively taking measures to protect its own interests or, instead, [was] sitting back and allowing plaintiff to protect the intervenor's interests while kind of semiactively monitoring the situation." Although the court acknowledged it was a "close question," it found that attending three depositions and listing the experts of other parties in an expert witness designation did not constitute active participation.

Counsel for Otis vigorously argued that the only reason Intervener did not take a more active role in the litigation was because counsel for codefendant property owners was indirectly protecting Intervener's interest by seeking to place liability on Otis and Intervener was, in essence, riding on codefendant's coattails.

The court reversed its tentative ruling, persuaded by what it characterized as a "corollary" requirement that in addition to establishing Intervener was not an active participant, Kindt had to also establish that it was her efforts, rather than anyone else's, that procured the common fund. It held there was "minimal . . . active participation" by Intervener and "by virtue of the corollary . . . it would result in a windfall to the plaintiff to be compensated for work that was done by, in this case, a co-defendant and to protect the rights of the plaintiff in intervention. [¶] And so with the first linking hands with the second, the motion for attorney's fees by plaintiff . . . is denied."

Although an employer may not be sued for a work-related injury, the injured worker may recover a judgment from a negligent third party.

(§ 3852.)[3] An employer who has paid workers' compensation benefits to the injured employee has a right to lien that portion of the judgment representing the amount it has expended under section 3856. That section "deals with actions against third parties and covers suits prosecuted by the employer alone (subd. (a)), by the employee alone (subd. (b)), and those prosecuted both by the employee and the employer in a single action or consolidated actions (subd. (c)). In general, this statute provides for the payment of litigation expenses and attorney fees and for reimbursement to the employer for the amount paid for workers' compensation benefits." (*Crampton* v. *Takegoshi* (1993) 17 Cal.App.4th 308, 316 [21 Cal.Rptr.2d 284].)

Where, as here, the action is prosecuted by the employee alone, ". . . the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer." (§ 3856, subd. (b); *Crampton* v. *Takegoshi*, *supra*, 17 Cal.App.4th at pp. 316-317.)

Section 3856 incorporates the equitable practice of apportioning attorney fees for passive beneficiaries of a common fund created through the efforts of a successful litigant. (*Quinn* v. *State of California* (1975) 15 Cal.3d 162, 165-166 [124 Cal.Rptr. 1, 539 P.2d 761].) But it is the question of what constitutes a "passive beneficiary" that has troubled trial and appellate courts.

In *Walsh* v. *Woods* (1982) 133 Cal.App.3d 764 [184 Cal.Rptr. 267] (*Walsh I*), the injured employee filed a third party lawsuit and the worker's compensation carrier intervened. After a jury verdict in favor of plaintiff and intervener, plaintiff moved for attorney fees, contending his attorney was solely responsible for the ultimate recovery. The trial court agreed and awarded the plaintiff his attorney fees and costs. On appeal by the intervener, the court reversed for a determination of whether the intervener "actively participated" in the litigation. The court held if intervener's counsel actively participated in effecting recovery of its benefits, plaintiff would not be entitled to attorney fees. (*Id.* at p. 768.) And although the issue of what constitutes active participation was not before the court, it indicated in a footnote that the evidence in the record concerning the intervener's efforts (attending some depositions, consulting with plaintiff's experts before trial, presenting evidence at trial relating to compensation benefits, participating in cross-examination and delivering a closing argument), if true, would constitute " 'active participation' as a matter of law." (*Id.* at p. 768, fn. 1.)

---

[3]Section 3852 provides: "The claim of an employee . . . for [workers'] compensation does not affect his or her claim or right of action for all damages proximately resulting from the injury or death against any person other than the employer. . . ."

On remand the trial court reluctantly concluded plaintiff was not entitled to attorney fees, finding intervener's counsel had actively participated in the case, albeit minimally. On appeal (*Walsh* v. *Woods* (1986) 187 Cal.App.3d 1273 [232 Cal.Rptr. 629] (*Walsh II*)), plaintiff did not challenge the trial court's finding of active participation by the intervener; instead, he argued it was unjust to deny him attorney fees since his own attorney contributed "substantially more" than the intervener's attorney and was solely responsible for the ultimate recovery. (*Id.* at p. 1276.) The court rejected the contention, holding it was impermissible for the trial court to weigh the relative efforts of each party to determine entitlement to attorney fees. "The common fund doctrine rewards only a litigant whose efforts benefit a *passive* beneficiary. Where there is no passive beneficiary, . . . the general rule— that the major party litigant is not entitled to recover attorney fees— prevails." (*Id.* at p. 1279, italics added.) As in *Walsh I*, the issue of what constitutes active participation was not pertinent to the appeal; however, the *Walsh II* court reiterated the statement it made in *Walsh I* that the evidence in the record of intervener's efforts constituted active participation as a matter of law. (*Id.* at p. 1278, fn. 3.)

In *Kavanaugh* v. *City of Sunnyvale* (1991) 233 Cal.App.3d 903 [284 Cal.Rptr. 698], plaintiff filed a third party lawsuit and his employer intervened, seeking reimbursement for workers' compensation benefits paid to plaintiff. During prosecution of the lawsuit, the employer "attended approximately 16 depositions, responded to 2 requests for production of documents, and propounded its own request for production of documents. In addition, [employer] designated expert witnesses to be called at trial, including an expert accident reconstructionist to testify regarding issues of liability. [Employer] withdrew this witness prior to trial because it concluded that the witness 'would just muddy the water.' Counsel for [employer] also attended a mandatory settlement conference, and filed a settlement conference statement with the court." (*Id.* at p. 906.) At trial, counsel for employer was present and participated in voir dire, presented an opening statement and closing argument and briefly questioned several witnesses. Following a favorable jury verdict, plaintiffs were awarded attorney fees based on the finding the intervener's investment in the case was minor compared to that of the plaintiff's. (*Id.* at p. 907.)

The Court of Appeal reversed, noting its agreement with *Walsh II* that the trial court should not weigh the relative efforts of counsel to determine entitlement to attorney fees. (*Kavanaugh* v. *City of Sunnyvale*, *supra*, 233 Cal.App.3d at p. 914.) "As pointed out [in *Walsh II*], the common fund doctrine evolved to reward a litigant whose efforts benefit a *passive* beneficiary; the doctrine was not established to reward litigants whose attorneys

are more effective, more visible, or who have spent more money in the prosecution of the litigation." (233 Cal.App.3d at p. 914, italics in original.) "[T]the issue is [simply] whether one party is a passive beneficiary. Where both parties employ attorneys, and both attorneys participate in the prosecution of the litigation, then there is no passive beneficiary." (*Id.* at p. 915) Because the intervener "was involved in discovery, the pretrial settlement conference, had designated several expert witnesses for trial," and "was present during trial and did engage in some questioning," it could not be considered a passive beneficiary. (*Id.* at p. 916.)

Unfortunately, the *Kavanaugh* court's prediction that "it will [not] be difficult for the trial court to distinguish between such token or insincere efforts [such as merely filing a motion to intervene] and actual involvement in the litigation" (233 Cal.App.3d at p. 916.) has proven overly optimistic.

In *Hartwig* v. *Zacky Farms* (1992) 2 Cal.App.4th 1550 [3 Cal.Rptr.2d 828], the compensation carrier intervened in plaintiff's third party lawsuit. Shortly before trial, the intervener assigned its lien claim to defendant Zacky Farms (Zacky) and was dismissed from the case. The case proceeded to trial, with Hartwig and Zacky the only litigants. After receiving a favorable jury verdict, Hartwig successfully moved for attorney fees under section 3856.

On appeal, the court declined to address Zacky's claims of error, holding that even if they were correct, it could not prevail because the evidence was insufficient to support a finding that the intervener (in whose shoes Zacky stood following the assignment of lien rights) actively participated in the lawsuit. The only evidence of the intervener's efforts in procuring the common fund consisted of the declaration of its counsel which provided, in relevant part, "Our office spent much time and expense in pursuing our client's recovery. Our records will reflect that our firm had a representative attend and participate in the deposition of plaintiff, attend settlement conferences, prepare opposition to defendant's Motion for Summary Judgment, attend [the] hearing on Motion for Summary Judgment, prepare Demand to Exchange List of Expert Witnesses, attend trial confirmation conferences and attend the deposition of [defendant employee]." (*Hartwig* v. *Zacky Farms, supra,* 2 Cal.App.4th at pp. 1555-1556.)

The court held this showing was facially insufficient. "[Counsel for intervener's] declaration at most proved that representatives of his firm made a number of appearances and filed one or two papers of unknown subject, length or content during the time he represented the carrier as an intervener. This unspecific and ambiguous showing falls well short of affirmatively demonstrating the active participation required to defeat apportionment. The precise nature of [counsel's] services is entirely unexplained. There was no

evidence of the hours expended by [him] in connection with his activities, nor was there any concrete description, such as by attached copies of documents or copies of transcripts of oral proceedings, which tended to show his participation consisted of any sort of serious attempt to advance his client's case. [¶] The generality of [counsel for intervener's] declaration makes it impossible to determine whether the services he described consisted of a conscientious attempt to represent the carrier's interests by addressing matters pertinent to the substantive issues involved in the case against Zacky or, instead, a perfunctory, nominal attempt to place a 'warm body' whenever and wherever the opportunity arose. For example, 'participating' in a deposition could describe conduct consisting of simply giving a business card to the court reporter for purposes of noting the appearance and thereafter perusing a magazine while the plaintiff's attorney questions the deponent. Similarly, 'appearing' at a hearing could describe nothing more than a statement of presence and representation by counsel. 'Opposition' to a motion for summary judgment could mean simply the filing or announcement of a one sentence joinder to the respondent's argument and papers." (*Hartwig* v. *Zacky Farms*, *supra*, 2 Cal.App.4th at p. 1556, fn. omitted.)

In holding the showing was insufficient, the *Hartwig* court expressly disagreed with the conclusion in *Walsh I* and reiterated in *Walsh II* that the minimal efforts of the intervener recited in that case constitute active participation as a matter of law. (*Hartwig* v. *Zacky Farms*, *supra*, 2 Cal.App.4th at p. 1557.) The *Hartwig* court also made clear that its opinion did not affect the rule against weighing the efforts of counsel to determine entitlement to attorney fees; rather, it addressed only the "nature of the proof necessary to establish 'active participation.' Once the trial court is satisfied both parties have presented sufficient evidence of their respective active participation, the fact that one side's efforts outweighed the other's in number or importance is of no consequence. [Citation.]" (*Ibid.*)

The *Hartwig* rule is sound. An employer or workers' compensation carrier who has paid employee compensation benefits has a lien right against any judgment obtained in a third party lawsuit by the employee, with or without any participation in the litigation. It is inequitable to force the worker to underwrite the entire cost of obtaining any ensuing judgment. On the other hand, if the employer or insurance carrier actively participates in procurement of the common fund, apportionment is appropriate. The *Hartwig* rule is designed to ferret out those cases in which the intervener is, for all intents and purposes, a silent partner in the litigation. Merely showing up for depositions or filing one or two documents, lacking in any real substance, should not be permitted to defeat a worker's entitlement to have the beneficiaries of the fund contribute to the costs of its procurement.

Here, the court erred in finding the evidence of Intervener's involvement in the litigation sufficient to support a finding of active participation. The only evidence of Intervener's participation in the case was the declaration of its counsel, Michael Fox. That declaration, like the one in *Hartwig* v. *Zacky Farms*, *supra*, 2 Cal.App.4th 1550, stated in a very general manner the involvement of counsel. Although Intervener's counsel attended three depositions, he asked only one question of one witness. His expert witness designation named "all such witnesses so designated by the plaintiff and defendants in this case." And although the declaration indicates Intervener's firm purportedly spent 86.25 hours on the case, it fails to indicate how those hours were spent. We do not know whether Intervener's counsel was making a "conscientious attempt" to advance his client's interests or was simply riding on the coattails of Kindt's counsel while, at the same time, making it appear to the contrary by placing a " 'warm body' whenever and wherever the opportunity arose." (*Id.* at p. 1556.) The declaration of Fox, like the intervener's declaration in *Hartwig*, did not constitute sufficient evidence to establish active participation necessary to defeat an injured worker's entitlement to attorney fees.

Finally, the court's reversal of its tentative finding that Intervener had not actively participated in the litigation is troublesome. Apparently the ruling was not based on the evidence but on the "corollary" argument by Otis that Kindt was required to prove it was her efforts, rather than those of codefendants, that resulted in the favorable judgment. It is precisely this weighing of the efforts of counsel that *Walsh II* and *Hartwig* condemned. The employee is entitled to attorney fees unless there has been active participation by the intervener. It does not matter which attorney has worked the hardest, be it plaintiff's, intervener's, or codefendant's. Here, Intervener failed to establish that it actively participated in the lawsuit. No more was required of Kindt to prove her entitlement to attorney fees. (*Hartwig* v. *Zacky Farms*, *supra*, 2 Cal.App.4th at p. 1557.)

The judgment is reversed and remanded to the trial court with directions to vacate its order and enter a new order granting Kindt's motion for attorney fees. Kindt is entitled to costs on appeal.

Sills, P. J., and Crosby, J., concurred.