Filed 7/11/14  Roman Catholic Bishop of Monterey, CA v. Mansfield CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ROMAN CATHOLIC BISHOP OF MONTEREY, CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>RYAN L. MANSFIELD et al.,<br><br>    Defendants and Respondents,<br><br>SHANNON MCLEOD,<br><br>    Intervenor and Appellant. | H038222<br>(Santa Cruz County<br> Super. Ct. No. CV156454) |

Intervenor Shannon McLeod (McLeod) was injured in a car accident while working for the Roman Catholic Bishop of Monterey, California (Bishop).  Bishop sued the driver and the owner of the other vehicle, and McLeod intervened.  Bishop assigned his workers' compensation lien to defendants as part of a pre-trial settlement.  McLeod, who proceeded to trial against defendants without Bishop, obtained a jury verdict in an amount less than the lien.  McLeod sought the full amount of the judgment to satisfy her litigation expenses and attorneys' fees under Labor Code section 3856, subdivision (b).[1] The trial court found subdivision (b) inapplicable, ruled that the lien took priority under section 3852, and denied McLeod's motion.

---

[1]  Unspecified statutory references are to the Labor Code.  Unspecified subdivision references are to Labor Code section 3856.

We agree with the trial court that McLeod's fee motion is not controlled by subdivision (b). Instead, the motion is controlled by subdivision (c). McLeod cannot recover her attorneys' fees or litigation expenses under that subdivision because she failed to obtain a judgment greater than the workers' compensation lien. (*Draper v. Aceto* (2001) 26 Cal.4th 1086, 1092-1093 (*Draper*) [approving holding in *Eldridge v. Truck Insurance Exchange* (1967) 253 Cal.App.2d 365, 367-368 that plaintiff receives no benefit and thus cannot recover under subdivision (c) when employer's lien exceeds judgment].) Accordingly, we will affirm the trial court's order.

## I. TRIAL COURT PROCEEDINGS

McLeod was injured in an automobile collision in April 2005 in the course and scope of her employment with Bishop. In February 2007, Bishop sued the driver of the other car, Ryan Mansfield, seeking to recover workers' compensation benefits paid to McLeod. Bishop also sued the driver's father, Michael Mansfield, who owned the car driven by his then minor son.[2] Service of process on Ryan proved difficult because in 2007 he was serving in the United States Air Force. With persistence, Bishop succeeded in serving him in October 2010.

McLeod joined in the litigation four years after its inception, filing a complaint-in-intervention in April 2011. Bishop noticed and attended the deposition of Ryan Mansfield, and he attended McLeod's deposition. Bishop filed an amended complaint in December 2011 alleging negligent supervision against Mansfield, Sr. He disclosed expert witnesses and noticed both defendants to appear at trial set for January 9, 2012. All parties attended a mediation in January 2012 at which time Bishop settled with Mansfield. In exchange for $12,500, Bishop assigned Mansfield his claim for workers' compensation expenses, exceeding $24,000, on any settlement or judgment in favor of McLeod.

---

[2] We refer to defendants collectively as Mansfield.

McLeod proceeded to trial against Mansfield alone. She sought an award in excess of $350,000, but the jury found Mansfield liable for far less-$1,094 in medical expenses and $15,000 in damages.

McLeod moved post-trial for attorneys' fees and litigation expenses under section 3856, subdivision (b), arguing that the full amount of the judgment should be applied to her $17,309 fee bill. McLeod relied on *Kindt v. Otis Elevator Co.* (1995) 32 Cal.App.4th 452 (*Kindt*) and *Hartwig v. Zacky Farms* (1992) 2 Cal.App.4th 1550 (*Hartwig*), both of which upheld employees' fee awards under subdivision (b) based on insufficient evidence of " 'active participation' " in the lawsuit by the employer. McLeod also relied on *Crampton v. Takegoshi* (1993) 17 Cal.App.4th 308 (*Crampton*), upholding an employee's fee award under subdivision (b) where the employer's lien exceeded the judgment. *Crampton* concluded that the employee was entitled to fees under subdivision (b) because, even though the employee did not realize a net recovery from the judgment, the satisfaction of the compensation lien was a benefit conferred on a passive beneficiary. (*Crampton,* at pp. 318-319.)

Mansfield opposed McLeod's motion, relying principally on *Draper*, in which the Supreme Court approved the holding in *Eldridge v. Truck Ins. Exchange* (1967) 253 Cal.App.2d at p. 367, that an employee is entitled to recover fees under subdivision (c) only when the judgment is greater than the employer's lien. (*Draper*, *supra*, 26 Cal.4th 1086, 1092-1093.) This is because the statute requires that the employee realize a benefit from the judgment. (*Id*. at p. 1093.) Because McLeod's judgment was less than Bishop's lien, Mansfield asserted that McLeod is not entitled to recover attorney fees or litigation expenses.

The trial court denied McLeod's motion, concluding that Bishop was not merely a passive participant in the litigation, that McLeod's costs and fees did not trump the lien under section 3856, and that the lien offset the entire judgment under section 3852.

## II. STATUTORY FRAMEWORK

An employee who is injured on the job is entitled to workers' compensation benefits from her employer. (§ 3600.) Although compensation benefits are an employee's exclusive remedy against the employer (§ 3602, subd. (a)), the employee may recover a judgment from a negligent third party who caused the injury. (§ 3852.) The employer also is entitled to recover from a negligent third party compensation paid to the injured worker. (*Ibid*.) The employer may recover directly from the third-party tortfeasor, or may claim a portion of any judgment obtained independently by the injured employee. (*Ibid*., § 3856, subd. (b).)

The workers' compensation laws provide a mechanism for allocating a third-party judgment between the employer, the employee, and their respective counsel. Amended to its current form in 1959, section 3856 responds to three scenarios: When the action is "prosecuted by the employer alone" (subdivision (a)), when the action is "prosecuted by the employee alone" (subdivision (b)), and when the action is "prosecuted by both the employer and the employee" (subdivision (c)).[3] While each subdivision gives attorneys'

---

[3] Section 3856 reads: "In the event of suit against such third party:

(a) If the action is prosecuted by the employer alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employer's attorney in effecting recovery both for the benefit of the employer and the employee. After the payment of such expenses and attorney's fees, the court shall apply out of the amount of such judgment an amount sufficient to reimburse the employer for the amount of his expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852 and shall order any excess paid to the injured employee or other person entitled thereto.

(b) If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the

fees first priority to the judgment, as we address more fully below, the California

Supreme Court has construed subdivisions (a) and (b) to require attorney fee

apportionment between the employer and the employee. (*Quinn v. State of California*

(1975) 15 Cal.3d 162, 170, 176, fn. 19 (*Quinn*).) Subdivision (c), in contrast,

contemplates participation by both the employer and the employee in the third-party

lawsuit and, accordingly, does not provide for fee apportionment.

This appeal requires us to determine whether the underlying action was

"prosecuted by the employee alone," triggering the application of subdivision (b).

Counsel for intervenor McLeod urges this outcome because it is the only way he will be

paid. Under subdivision (b), which contemplates that the employee's attorney is entirely

---

payment of such expenses and attorney's fee the court shall, on application of the
employer, allow as a first lien against the amount of such judgment for damages, the
amount of the employer's expenditure for compensation together with any amounts to
which he may be entitled as special damages under Section 3852.

(c) If the action is prosecuted both by the employee and the employer, in a single action
or in consolidated actions, and they are represented by the same agreed attorney or by
separate attorneys, the court shall first order paid from any judgment for damages
recovered, the reasonable litigation expenses incurred in preparation and prosecution of
such action or actions, together with reasonable attorneys' fees based solely on the
services rendered for the benefit of both parties where they are represented by the same
attorney, and where they are represented by separate attorneys, based solely upon the
service rendered in each instance by the attorney in effecting recovery for the benefit of
the party represented. After the payment of such expenses and attorneys' fees the court
shall apply out of the amount of such judgment for damages an amount sufficient to
reimburse the employer for the amount of his expenditures for compensation together
with any other amounts to which he may be entitled as special damages under Section
3852.

(d) The amount of reasonable litigation expenses and the amount of attorneys' fees under
subdivisions (a), (b), and (c) of this section shall be fixed by the court. Where the
employer and employee are represented by separate attorneys they may propose to the
court, for its consideration and determination, the amount and division of such expenses
and fees."

responsible for obtaining the third-party recovery, priority is given to the employee's attorneys' fees and costs over both the employer's lien and the employee's remaining net damages award. Even if an employee recovers less than the lien, counsel can still recover attorneys' fees under subdivision (b) because of the benefit conferred on the employer at the employee's expense. (*Crampton*, *supra*, 17 Cal.App.4th at p. 318.) Subdivision (c) also prioritizes attorneys' fees over both the employer's compensation setoff and the employee's damages award. That subdivision contemplates involvement of both the employer and the employee in securing the recovery against the third-party. As the Supreme Court has recognized, fees under subdivision (c) are measured by the benefit realized by each respective party. (*Draper*, *supra*, 26 Cal.4th at p. 1093.) McLeod's attorney would recover nothing under subdivision (c) because, by obtaining a judgment less than the lien, McLeod received no benefit from the judgment.

### III.  DISCUSSION

Arguing that the judgment should be allocated under subdivision (b), McLeod frames her issue as whether the trial court record establishes that Bishop was "an active participant in producing the verdict." While at first blush McLeod appears to present a challenge to the sufficiency of the evidence, the appeal actually requires us to address whether participation in trial through to the production of a verdict is the correct legal standard to determine when a judgment is allocated under subdivision (a), (b), or (c). Reviewing de novo this question of law, we conclude that it is not. (*Kavanaugh v. City of Sunnyvale* (1991) 233 Cal.App.3d 903, 915 (*Kavanaugh*) [application of correct standard under section 3856, subdivision (b) is a question of law].) Both the language of section 3856 as well as the equitable apportionment principles expressed in *Quinn* require an inquiry into whether the employer was active in the litigation process ultimately securing the third-party recovery, not necessarily participating in the trial or the final procurement of a verdict.

## A. THE MEANING OF "PROSECUTED"

For a judgment to be prioritized and apportioned under subdivision (b), "the action [must be] prosecuted by the employee alone." Similar language is found in subdivisions (a) and (c). Subdivision (a) applies when "the action is prosecuted by the employer alone," and subdivision (c) applies when "the action is prosecuted by both the employee and the employer." According to the Oxford English Dictionary, prosecute means "to institute (an action, claim) in a court of law; to initiate or carry on (civil or criminal proceedings);" "[t]o institute legal proceedings against (a person, organization, etc.);" and "[t]o institute, conduct, or pursue legal proceedings against someone; to be prosecutor in some legal action." (Oxford English Dict. Online (2014) <http://www.oed.com> [as of July 8, 2014].) Prosecute is also defined as "to bring legal action against for redress or punishment of a crime or violation of law," "to institute legal proceedings with reference to <*prosecute* a claim>," and "to institute and carry on a legal suit or prosecution." (Merriam-Webster's Online Dict. (2014) <http://www.merriam-webster.com/dictionary> [as of July 8, 2014].) To the extent McLeod's view of subdivision (b) restricts the meaning of "prosecute" to trial participation through to a verdict, this would be at odds with the broad definition of prosecute, which encompasses both the pre-trial initiation and pursuit of legal proceedings.

Section 3856 directs the allocation of judgments in third-party actions involving on-the-job injury. But the fact that the recovery of a judgment is a necessary precondition to the subdivision (a), (b), or (c) inquiry does not compel a conclusion that "prosecute" means trying a case to judgment. Had the Legislature intended that trying a case to judgment drive the inquiry into the applicable subdivision, it could have simply required that the action be "tried to judgment" instead of "prosecuted." But the Legislature did not use such restrictive language. Instead, it provided that section 3856 applies in the more general "event of suit against [a] third party."

This court also has understood "prosecute" as used in subdivision (b) to encompass the full litigation process. In *Kavanaugh*, the employer filed a complaint in intervention in the employee's negligence action against a third-party tortfeasor, seeking reimbursement of workers' compensation benefits. Although the employer was active in discovery, settlement efforts, and trial preparation, the employee was awarded attorney fees under subdivision (b) based on the employer's minimal trial participation. (*Kavanaugh*, *supra*, 233 Cal.App.3d at p. 906.)

Reversing the trial court, *Kavanaugh* considered the employer's participation throughout the litigation. Observing "[t]he wide range of ways in which an attorney could be considered active in prosecuting the litigation or in contributing to the creation of a fund," *Kavanaugh* understood an action to be prosecuted by the employee or employer alone when the employer is completely passive. (*Kavanaugh, supra,* at pp. 914-915.) *Kavanaugh* described counsel's participation in discovery as occurring "[d]uring the prosecution of the lawsuit," and concluded that the employer was not a passive beneficiary in the litigation. (*Id.* at pp. 906, 915-916.) *Kavanaugh* rejected a weighing process, explaining that "the action is not prosecuted by either party alone" when "attorneys for both the employer and the employee participate in the litigation." (*Id.* at p. 914.) According to *Kavanaugh*, "[w]here both parties employ attorneys, and both attorneys participate in the prosecution of the litigation," attorneys' fees are allocated under subdivision (c) rather than subdivision (b). (*Id*. at p. 915.)

**B.     *Quinn v State of California***

*Quinn v. State of California* (1975) 15 Cal.3d 162 involved an employee's appeal from the denial of a post-trial motion to apportion fees between the employee and the employer's insurance carrier, where the employer's insurance carrier, aside from filing a lien against any judgment realized by the employee, did not participate in the litigation. (*Id*. at p. 166.) That the employee in *Quinn* "prosecuted [the action] alone" was not disputed, and the applicability of subdivision (b) was not at issue as it is here. Rather, the

Supreme Court addressed whether the statutorily mandated apportionment of attorneys' fees between the employer and the employee survived the 1959 legislative revisions to the apportionment statute. The pre-1959 statute did not contemplate priority rights between the employee's attorneys' fees and the employer's compensation costs in the event the judgment failed to satisfy both interests, and, as *Quinn* explained, the Legislature enacted current section 3856 to remedy that void. (*Quinn,* at p. 169.)

*Quinn* is notable for the thorough discussion of the "common fund" or "equitable apportionment" doctrine embedded in former section 3856.[4] Attorneys' fees were apportioned "among those who are the beneficiaries of funds created by the activities of similarly situated litigants." (*Quinn*, *supra*, 15 Cal.3d at pp. 167, 169.) Created to avoid unjust enrichment, the common fund doctrine protects "one who expends attorneys' fees in winning a suit which creates a fund from which others derive benefits, . . . [by] requir[ing] those passive beneficiaries to bear a fair share in the litigation costs." (*Id*. at p. 167.) *Quinn* noted the doctrine's suitability to workers' compensation cases, even without reference to section 3856, when the employer does nothing more than assert his subrogation rights: "An active litigant has, by bringing and winning this lawsuit, created a fund upon which a nonparticipant in the litigation can draw in order to relieve himself of a legal obligation he would otherwise bear; the passive beneficiary thus necessarily benefits from plaintiff's efforts in bringing suit." (*Id*. at pp. 168-169, fn. omitted.)

---

[4] The pre-1959 version of sections 3856 read, in relevant part: "[W]here the employer has failed to join in said action [against the negligent third party] and to be represented therein by his own attorney, or where the employer has not made arrangements with the employee's attorney to represent him in said action, the court shall fix a reasonable attorney's fee, which shall be fixed as a share of the amount actually received by the employer, to be paid to the employee's attorney on account of the service rendered by him in effecting recovery for the benefit of the employer, which said fee shall be deducted from any amounts due to the employer." (Stats. 1949, ch. 120, § 2, pp. 355-356.) Under that version of section 3856, McLeod would not have been entitled to apportioned attorneys' fees because Bishop had not "failed to join said action and to be represented therein by his own attorney."

In contrast to the earlier version of section 3856, providing for recovery of employee attorneys' fees for efforts benefitting the employer's recovery "from any amounts due to the employer," new subdivision (b) provides that an employee's "reasonable attorney's fee" be based on that attorney's services "in effecting recovery both for the benefit of the employee and the employer." Notwithstanding the differing language between the former and current versions of section 3856, the Supreme Court construed current subdivision (b) as requiring apportionment of the employee's attorneys' fees between the employee and the employer consistent with the earlier version of the statute. (*Quinn*, *supra*, 15 Cal.3d at p. 173.) *Quinn* viewed the amendments as essentially technical. (*Ibid*.) Rejecting the employer's argument that the new language precluded apportionment, *Quinn* explained: "Such language, far from forbidding the application of the equitable principle of reasonable apportionment, requires it. [Citation.] Both the directive to assess a reasonable fee and the mandate to consider the benefit to both active and passive beneficiaries of the recovery call for apportionment." (*Id*. at p. 170, italics omitted.)

*Quinn* also noted that continued apportionment was consistent with the legislative intent of the Workers' Compensation Act, including the policy announced in section 3751 prohibiting an employer from requiring an employee to contribute " 'directly or indirectly' " to the cost of compensation benefits. (*Quinn, supra*, 15 Cal.3d at p. 170.) *Quinn* explained that recovering compensation benefits from a third party is a compensation benefit cost to be borne by the employer; accordingly, section 3856 could not be construed so that the employee would bear that cost. (*Id*. at p. 171.)

Finally, while *Quinn* focused on whether equitable apportionment of an employee's attorneys' fees between the employee and the employer survived section 3856's 1959 revision, it noted that apportionment was equally applicable under subdivision (a), where "the employer's attorney bears the entire litigative burden," and that subdivision (c) would apply "when each party separately employs his own attorney."

(*Quinn*, *supra*, 15 Cal.3d at p. 176 & fn. 19, italics omitted.) *Quinn* further clarified that the opinion's reference to attorneys' fees encompassed "reasonable litigation expenses," which were included in the 1959 revision as an additional element to be deducted from a recovery, noting "no good reason appears for distinguishing the other costs of litigation." (*Id*. at p. 165, fn. 3.)

The equitable apportionment principles set forth in *Quinn* underscore our conclusion that to "prosecute an action" encompasses pre-trial activities. We understand the underpinnings of that doctrine to require those who do not in any way participate in the recovery of the common fund to reimburse those who expended effort in realizing the fund. But *Quinn* does not view apportionment under the common fund doctrine in such a way as to disregard the employer's pre-trial efforts. Discovery laden pre-trial activity can constitute a substantial investment in the realization of a third-party recovery. We will not interpret section 3856 to ignore such participation.

## C.     BISHOP WAS AN ACTIVE PARTICIPANT IN THE LITIGATION

In *Walsh v. Woods* (1986) 187 Cal.App.3d 1273, the trial court denied plaintiff's motion for an award of apportioned attorneys' fees under subdivision (b) because the employer's counsel, " 'actively participated' in the lawsuit, albeit minimally." (*Id*. at p. 1275.) Rejecting the employee's argument on appeal that it was "unjust" to deny him apportioned attorneys' fees when his counsel "contributed substantially more than [the employee's] attorney and was the 'sole' cause of the ultimate recovery" (*id*. at p. 1276), *Walsh* explained that weighing counsel's relative contribution is inconsistent with "the common fund doctrine reward[ing] only [] litigant[s] whose efforts benefit a *passive* beneficiary." (*Id*. at p. 1279; see also *Kavanaugh*, *supra*, 233 Cal.App.3d at pp. 913-914 [rejecting weighing attorneys' participation in litigation].) The record in *Walsh* reflected that the employer's counsel "attend[ed] some depositions, consulted with plaintiff's experts before trial, presented evidence relating to compensation benefits, participated in cross-examination and delivered a closing argument." (*Walsh*, at p. 1278, fn. 3.) Noting

the "issue of active participation by separate counsel is a question of fact for the trial court alone," *Walsh* upheld the order denying fees. (*Id.* at pp. 1279-1280.)

Here, the trial court concluded that Bishop actively participated in the litigation, and its finding is supported by substantial evidence. (*Eidsmore v. RBB, Inc.* (1994) 25 Cal.App.4th 189, 195 [appellate court applies substantial evidence standard of review to questions of fact].) Represented by separate counsel, Bishop initiated the lawsuit four years before McLeod intervened, persisted in effectuating service of defendant Ryan Mansfield, noticed and participated in key depositions, amended the complaint to advance a negligent entrustment action against Mansfield, Sr., and disclosed expert witnesses. The record establishes that Bishop was not a passive beneficiary to the lawsuit or to the trial court's judgment.

Because the lawsuit was prosecuted not only by McLeod but also by Bishop, allocation of McLeod's judgment falls under subdivision (c). As we have explained, McLeod recovers nothing under subdivision (c) because she realized no benefit by obtaining a judgment less than the workers' compensation lien.

## D.    *CRAMPTON*, *KINDT,* AND *HARTWIG*

As she did below, McLeod relies on *Crampton*, *Kindt*, and *Hartwig* to support her argument that Bishop was a passive beneficiary of her recovery. However none of those cases compels us to reverse the trial court's denial of McLeod's attorney fee request.

*Crampton* involved a third-party tortfeasor who obtained the employer's lien in a pre-trial settlement after the employee rejected an arbitration award. The employee, who proceeded to a trial de novo and failed to obtain a recovery in excess of the employer's lien, sought fees under subdivision (b). (*Crampton*, *supra*, 17 Cal.App.4th at p. 315.) The appellate court concluded the motion was governed by subdivision (b) because the employer dismissed his complaint after settling with the negligent third party, leaving the employee to prosecute the trial de novo alone. (*Id.* at p. 316.) The defendant lienholder in *Crampton* argued that the employee's judgment did not create a common fund for a

passive beneficiary because the worker did not obtain an actual recovery. (*Id.* p. 318.) The court of appeal disagreed, concluding that the employer was a passive beneficiary: "Had that fund [a $59,000 judgment] not been generated by plaintiff's legal efforts alone, the employer (or its assignee) would not have had any fund from which to recoup (or offset) the amount of workers' compensation benefits paid to plaintiffs. The employer had a lien for $75,000 and plaintiff's efforts enabled it (or in this case, its assignee) to satisfy a good portion of that claim." (*Id.* at pp. 318-819.)

We agree with *Crampton*'s observation that the fund created by plaintiff's judgment benefited the employer or its assignee. It follows that the employer's obligation to pay for the recovery of its share of that judgment must run with the assignment of that interest. (See *Quinn*, *supra*, 15 Cal.3d at pp. 170-171; see also *Hone v. Climatrol Industries, Inc*. (1976) 59 Cal.App.3d 513, 523 [recognizing that the assignment of a worker's compensation lien does not "deprive any other party of rights independently held by that other party."].) But we disagree with *Crampton* to the extent it suggests the employee's fee award is governed by subdivision (b) whenever an employer settles before trial. The proper inquiry is whether the employer participated in the litigation that results in the recovery of a common fund. As we have explained, this inquiry does not require a finding that the employer participated in the trial.

In *Hartwig and Kindt*, the employee also recovered a judgment at trial after the employer settled with the negligent third party. *Hartwig* affirmed a trial court order authorizing attorneys' fees for an employee under subdivision (b) based on insufficient evidence of the employer's active participation in "the lawsuit which resulted in the judgment." (*Hartwig*, *supra*, 2 Cal.App.4th at p. 1553.) The trial court noted that the employer was active in obtaining its settlement, but not active in obtaining the jury verdict. (*Id.* at p. 1554.) *Hartwig* concluded that the declaration of the employer's attorney was "unspecific and ambiguous," and failed to "affirmatively demonstrate[] the active participation required to defeat apportionment," even though the declaration stated

that the employer had prosecuted the case until shortly before trial, when settlement occurred. (*Id*. at p. 1556.) *Hartwig* noted that the declaration's "generality" made it impossible to determine whether counsel made a "conscientious attempt to represent the [employer's] interest by addressing matters pertinent to the substantive issues involved in the case against [the employee] or, instead, a perfunctory, nominal attempt to place a 'warm body' whenever and wherever the opportunity arose."[5] (*Id*. at pp. 1555-1556.) *Hartwig* disagreed with *Walsh* to the extent that case held that "minimal" participation is sufficient to constitute active participation. (*Id*. at p. 1557.) According to *Hartwig*, a lienholder must do more than advance "conclusory assertions that do not demonstrate it did anything more than 'tag along' with the plaintiff." (*Ibid*.)

Following *Hartwig*, *Kindt* reversed a trial court order which denied the employee attorneys' fees under subdivision (b) based on an insufficient showing of her counsel's efforts in obtaining a judgment. (*Kindt*, *supra*, 32 Cal.App.4th at p. 460.)

This case is distinguishable from both *Hartwig* and *Kindt* because the record demonstrates that Bishop did more than "tag along" with McLeod. Bishop initiated the lawsuit, persisted in achieving service of Ryan Mansfield, noticed and participated in key depositions, pursued a negligent entrustment action against Mansfield, Sr., and disclosed expert witnesses. If anything, the record demonstrates that McLeod tagged along with Bishop until Bishop made the strategic decision to settle his interest in the lawsuit.

### E. MCLEOD'S LITIGATION EXPENSES

*Quinn* determined that litigation expenses are handled in the same manner as attorneys' fees under section 3856. (*Quinn*, *supra*, 15 Cal.3d at p. 165, fn. 3.) For the

---

[5] The declaration stated that counsel's "firm had a representative attend and participate in the deposition of plaintiff, attend settlement conferences, prepare opposition to defendant's Motion for Summary Judgment, attend hearing on Motion for Summary Judgment, prepare Demand to Exchange List of Expert Witnesses, attend trial confirmation conferences, and attend the deposition of [employee]." (*Hartwig*, *supra*, 2 Cal.App.4th at pp. 1555-1556.)

same reasons we affirm the trial court's ruling on McLeod's attorneys' fees, we affirm the denial of McLeod's request for litigation expenses.

## IV. DISPOSITION

The order is affirmed.

_____

Grover, J.

**I CONCUR:**

_____

Premo, Acting P.J.

**Mihara, J., Dissenting.**

The trial court denied appellant Shannon McLeod's request for recovery of her litigation expenses and attorney's fees under Labor Code section 3856, subdivision (b).[1] McLeod had obtained a judgment against a third party tortfeasor, and she contended that under subdivision (b), she was entitled to recover her expenses and fees "first" before the application of a worker's compensation lien that her employer had sold to the third party tortfeasor. Since the amount of the lien exceeded the amount of the judgment, McLeod recovered nothing and was left to bear her own expenses and fees.

The critical issue in this case is which of two subdivisions of section 3856 applies here. Section 3856 is a special statute governing the recovery of reasonable litigation expenses and reasonable attorney's fees in actions against third party tortfeasors where there is a worker's compensation lien on any recovery. Subdivision (b), which applies where "the action is prosecuted by the employee alone," requires the court to order that the employee's reasonable litigation expenses be paid "first" from the judgment. It also provides that the court shall order paid "first" from the judgment "a reasonable attorney's fee which shall be based solely upon services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer." Subdivision (c), which applies where "the action is prosecuted both by the employee and the employer," requires the court to order that the employee's and the employer's reasonable litigation expenses be paid "first" from the judgment. It also provides that the court shall order paid "first" from the judgment "reasonable attorneys' fees . . . , where [the employee and the employer] are

---

[1]    Subsequent statutory references are to the Labor Code, and subsequent subdivision references are to section 3856 unless otherwise specified.

1

represented by separate attorneys, based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented."

McLeod claims that subdivision (b) applies here. My colleagues conclude that subdivision (c) applies here since the employer was originally a party to the action even though the employer was no longer a party at trial and at the time of the judgment. I disagree with my colleagues. I would hold that subdivision (b) applies here and that McLeod was entitled to recover her reasonable litigation expenses and her reasonable attorney's fees. I would also hold that even if subdivision (c) applied, McLeod would still be entitled to recover her reasonable litigation expenses. Accordingly, I would reverse the trial court's order and remand for a determination of the amount of reasonable litigation expenses and reasonable attorney's fees to which McLeod is entitled.

## I. Background

McLeod was employed by Roman Catholic Bishop of Monterey (RCB). She was injured in 2005 when a vehicle driven by respondent Ryan Mansfield and owned by respondent Michael Mansfield collided with her vehicle. RCB provided worker's compensation benefits to McLeod and filed an action against the Mansfields in 2007 to recover the cost of these benefits. Because Ryan Mansfield was serving in the military overseas, he was not served until October 2010. Ryan Mansfield filed an answer in November 2010. In April 2011, McLeod filed a complaint in intervention joining RCB in its action against the Mansfields and alleging a single cause of action for negligence.

In December 2011, RCB amended the complaint to add a cause of action for negligent entrustment against Michael Mansfield and obtained an extension of time to depose Michael Mansfield, as the trial was then scheduled for January 2012. In January 2012, the parties stipulated to a judicial mediation, with the trial then

2

scheduled for February 2012.  In January 2012, RCB settled with the Mansfields by assigning to the Mansfields RCB's worker's compensation lien, which at that point exceeded $24,000, in exchange for $12,500.

McLeod proceeded to trial against the Mansfields, and the jury returned a verdict in her favor for $16,093.72.  McLeod's attorney had represented her under a contingency fee agreement pursuant to which he was to receive 40 percent of the "gross . . . judgment," and she was to pay "all costs and disbursements."  After trial, McLeod's attorney claimed that under section 3856 he was entitled to recover $6,437.49 in attorney's fees and $10,872.15 in litigation expenses out of the judgment. Most of the litigation expenses were incurred for expert witness expenses.

The Mansfields opposed this request on the ground that McLeod had obtained no "benefit" from the judgment after application of their lien.  They asserted that McLeod was not entitled to fees under either subdivision (b) or subdivision (c).  The Mansfields also contended that most of the litigation expenses sought by McLeod were not properly recoverable.  They claimed that if McLeod was entitled to recover any litigation expenses, those expenses should be limited to $2,413.39.

The court ruled that the lien "takes priority over [McLeod's] attorneys' fees and litigation expenses."  Thus, McLeod recovered nothing.  McLeod timely filed a notice of appeal.

## II.  Discussion
### A.  Litigation Expenses

The trial court denied McLeod's request for litigation expenses on the ground that RCB was an "active" participant in the litigation.  This was error.  Regardless of whether subdivision (b) or subdivision (c) applies here, McLeod was entitled to recover her reasonable litigation expenses.  "If the action is prosecuted by the employee alone, the court *shall first order paid from any judgment* for damages

3

recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee . . . ." (§ 3856, subd. (b), italics added.)  "If the action is prosecuted both by the employee and the employer,  . . . the court *shall first order paid from any judgment* for damages recovered, the reasonable litigation expenses incurred in preparation and prosecution of such action, together with reasonable attorneys' fees . . . ." (§ 3856, subd. (c), italics added.)  Both subdivisions go on to spell out additional specifications applicable solely to attorney's fees.

The majority opinion claims that the California Supreme Court "determined" in *Quinn v. State of California* (1975) 15 Cal.3d 162 (*Quinn*) that section 3856 treats expenses and fees identically.  It asserts:  "*Quinn* determined that litigation expenses are handled in the same manner as attorneys' fees under section 3856.  *(Quinn*, *supra,* 15 Cal.3d at p. 165, fn. 3.)"  (Maj. opn., *ante*, at p. 14; see also maj. opn., *ante*, at p. 11, citing same fn.)  The California Supreme Court made no such "determin[ation]" in *Quinn*.  The referenced footnote reads, in its entirety:  "Section 3856 refers to 'reasonable litigation expenses' as an additional element to be deducted from the recovery.  In briefs and argument parties have stressed the issue of attorneys' fees, probably because of their usually more substantial size, but no good reason appears for distinguishing the other costs of litigation; by reference to attorney's fees, therefore, we shall henceforth in this opinion include as well the other litigation expenses mentioned in section 3856."  (*Quinn*, at p. 165, fn. 3.)  This footnote does *not* say that *section 3856* treats fees and expenses the same but that in its opinion, the court would not be distinguishing between them because there was "no good reason" for doing otherwise in the case before the court.  Since *Quinn* was a case in which only the employee was a party to the action, only subdivision (b) was at issue, and the employee was plainly entitled to both expenses and fees, the court's decision not to address litigation expenses separately did not constitute a holding that section 3856

4

treats fees and expenses in the same fashion.  The statutory language explicitly treats expenses and fees differently with no restrictions on entitlement to reasonable litigation expenses.

Still, the question of whether McLeod was entitled to recover all of her claimed expenses remains unresolved.  The trial court did not resolve the dispute between the parties concerning whether the amounts sought by McLeod were recoverable "reasonable litigation expenses" under section 3856.  In my view, the trial court should have resolved that issue and ordered that McLeod's "reasonable litigation expenses" be paid first from the judgment.

## B.  Attorney's Fees
### 1.  Which Subdivision Applies?

Section 3856 distinguishes between the situation where the action is "prosecuted by" the employee alone (subdivision (b)) and the situation where the action is "prosecuted by" both the employer and the employee (subdivision (c)).  The question is:  What does section 3856 mean by "prosecuted by"?  Both the employee and the employer were unquestionably *parties* to the action *prior to the employer's settlement* with the Mansfields, but the employer clearly did not "prosecute[]" the action to "judgment," which is the focus of section 3856-fees to be paid "first" out of a judgment.  Nor did the employer play any role in the case at trial, as it had settled in advance of trial.  I believe that the structure and language of section 3856, and the statutory scheme of which it is part, necessarily assume that subdivision (b), not subdivision (c), will apply where the employer is no longer a party to the action when the judgment is obtained.

Section 3856 provides for the recovery of "reasonable litigation expenses" and "reasonable attorney's fees" *from a* "judgment."  A companion statute, section 3860, provides for the recovery of "reasonable expenses" and "reasonable attorney's fees"

5

*from a* "settlement." Section 3860 distinguishes between settlements "effected . . . through the efforts" of one party (subdivisions (c) [by employee] and (d) [by employer]) and those effected through the efforts of both parties (subdivision (e) [by both]). Where the settlement is the result of efforts by both parties, "reasonable expenses" incurred by both parties shall be deducted from the settlement amount "together with reasonable attorney's fees . . . based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented." (§ 3860, subd. (e).)

"Statutory language is not considered in isolation. Rather, we 'instead interpret the statute as a whole, so as to make sense of the entire statutory scheme.'" (*Bonnell v. Medical Board* (2003) 31 Cal.4th 1255, 1261.) The fact that the application of the appropriate subdivision of section 3860 depends on whether one or both parties "effected" the settlement is a strong indication that the "prosecuted by" language governing application of the appropriate parallel subdivision of section 3856 depends on whether one or both parties "prosecuted" the action *to judgment* rather than merely participated in some earlier stage of the action. This is the only way to construe section 3856 that makes sense of the entire statutory scheme. "[T]he Legislature has evinced its intention that settlement and judgment situations be treated alike . . . ." (*Quinn*, *supra*, 15 Cal.3d at p. 176, fn. 20.) Section 3860, which is clearly intended to parallel section 3856, does not focus on whether the employee or the employer or both *made a claim against* the third party but on whether one or both of them *procured the settlement*. To construe the parallel provisions of section 3856 differently would be inconsistent with the Legislature's intent to create a coherent statutory scheme. Therefore, the key to determining which subdivision of section 3856 applies is not whether the employee or the employer or both were *involved in the action* at some earlier stage but whether one or both *prosecuted the action to judgment*.

The language of section 3856 itself also supports this construction of the "prosecuted by" language. Where the employer has settled prior to trial and the employee has prosecuted the action to judgment, it is impossible to apply the language of subdivision (c). Subdivision (c) provides that, where both the employee and the employer "prosecuted" the action, the employer may recover its attorney's fees from the judgment for "service rendered . . . in effecting recovery for the benefit of the party represented." An employer's attorney who settles the action prior to trial does not provide the services that resulted in the judgment and therefore does not "effect[] recovery" for the employer from the judgment. The inapplicability of this language to this situation indicates that the Legislature did not intend for subdivision (c) to apply where the employer did not *prosecute the action to judgment*.

The case authority on this issue also supports this construction of the statute. Very few of the cases concerning the availability of attorney's fees under sections 3856 and 3860 address the issue of which subdivision applies in this situation. Most of the case law involves joint prosecution to judgment or joint settlement. In *Draper v. Aceto* (2001) 26 Cal.4th 1086 (*Draper*), which concerned section 3860, the employee and the employer jointly agreed to a settlement with the third party tortfeasor that was less than the amount of the employer's lien.[2] (*Draper*, at p. 1089.) The California Supreme Court held that section 3860, subdivision (e) precluded the employee from recovering attorney's fees because the employee did not benefit from the settlement. (*Draper*, at pp. 1094-1095.) *Gapusan v. Jay* (1998) 66 Cal.App.4th 734 (*Gapusan*), *Summers v. Newman* (1999) 20 Cal.4th 1021 (*Summers*), and

---

[2]     The majority opinion's reliance on *Draper* to support its construction of section 3856 is misplaced. (Maj. opn., at pp. 2, 3, 6.) *Draper* involved section 3860, not section 3856, and the settlement in *Draper* was a joint one, not a judgment obtained solely by the employee.

7

*Steinberg v. Allstate Ins. Co.* (1990) 226 Cal.App.3d 216 (*Steinberg*) were also joint settlement cases. (*Gapusan*, at p. 739; *Summers*, at p. 1025; *Steinberg*, at p. 219.)

*Eldridge v. Truck Ins. Exchange* (1967) 253 Cal.App.2d 365 (*Eldridge*) was a case concerning section 3856 in which all parties agreed to a stipulated judgment against the third party tortfeasor that was less than the amount of the employer's lien. (*Eldridge*, at p. 366.) The Court of Appeal held that under section 3856, subdivision (c), the employee was not entitled to recover attorney's fees because he had obtained "no benefit" from the judgment. (*Eldridge*, at p. 367.) *Walsh v. Woods* (1986) 187 Cal.App.3d 1273 (*Walsh*) and *Witt v. Jackson* (1961) 57 Cal.2d 57 (*Witt*) were also joint prosecutions to judgment. (*Walsh*, at p. 1275; *Witt*, at p. 62.) *Kavanaugh v. City of Sunnyvale* (1991) 233 Cal.App.3d 903 (*Kavanaugh*) involved both a joint settlement and a joint prosecution through trial to judgment. (*Kavanaugh*, at p. 907.)

While the California Supreme Court has never addressed the question of which subdivision applies where the employer drops out of the action prior to trial (see *Phelps v. Stostad* (1997) 16 Cal.4th 23, 30, fn. 4 (*Phelps*) [noting that the parties had assumed that subdivision (b) applies in this situation but not addressing or resolving the issue]), the Courts of Appeal have almost universally concluded that subdivision (b) applies in this situation.

In *Manthey v. San Luis Rey Downs Enterprises, Inc.* (1993) 16 Cal.App.4th 782 (*Manthey*), both the employee and the worker's compensation carrier were originally parties to the action against the third party tortfeasor. However, the carrier then sold its lien to the third party. The employee proceeded to trial against the third party and recovered a large judgment. The employee then sought to recover her attorney's fees under section 3856 on the ground that she had created a common fund from which the lien would be satisfied. (*Manthey*, at pp. 785-786.) The trial court denied this request on the ground that the carrier's attorney had been an active participant in the creation of the fund. (*Manthey*, at p. 786.) The Court of Appeal held that section 3856,

8

subdivision (b), not subdivision (c), applied due to the carrier's exit from the action before trial. (*Manthey*, at p. 788.)

In *Hone v. Climatrol Industries, Inc.* (1976) 59 Cal.App.3d 513 (*Hone*), the action was originally a joint action by the employee and the worker's compensation insurer, but the insurer settled with the third party during trial and dismissed its action but retained its lien on any recovery. (*Hone*, at pp. 518-519.) The employee recovered a judgment against the third party, and the trial court refused to award attorney's fees to the employee out of the judgment before satisfaction of the lien. (*Hone*, at pp. 521-522.) The Court of Appeal held that after the insurer's dismissal of its action, the case reverted to an action by the employee alone, and subdivision (b) applied. (*Hone*, at pp. 523-524, 530-531.)

In *Crampton v. Takegoshi* (1993) 17 Cal.App.4th 308 (*Crampton*), disapproved on another point in *Phelps*, the employee and the employer were parties to the action against the third party tortfeasor. (*Crampton*, at pp. 313-314.) The employer sold its lien to the third party, and the employee proceeded to trial against the third party. (*Crampton*, at pp. 314-315.) The trial court denied the employee's request for his attorney's fees and costs. (*Crampton*, at p. 316.) The Court of Appeal stated, without analysis, that "[t]his case is governed by subdivision (b) of [section 3856] because the trial de novo [after a judicial arbitration] was prosecuted by the injured employee alone, the employer's complaint in intervention having been dismissed." (*Crampton*, at p. 316.) It held that the employee was entitled to recover his attorney's fees under section 3856, subdivision (b) despite the fact that the lien exceeded the judgment. (*Crampton*, at p. 319.) "Defendant [the third party tortfeasor] simply stands in the shoes of the employer and the lien rights he obtained by assignment from the employer must be treated the same way. To the extent that defendant is asserting his assigned lien rights to offset the judgment against him, he is asserting them as the employer and not in his capacity as a party defendant. And those lien rights of the employer are

9

allowable against the judgment only '[a]fter the payment of such [litigation] expenses and attorney's fee . . .' (Lab. Code, § 3856, subd. (b).) Consequently, plaintiff is entitled to an award of attorney fees under this statute for securing a verdict benefitting the lienholder." (*Crampton*, at p. 319.)

*Hartwig v. Zacky Farms* (1992) 2 Cal.App.4th 1550 (*Hartwig*) had a similar posture but did not actually address which subdivision should apply. In *Hartwig*, the worker's compensation carrier was originally a party to the employee's action against the tortfeasor, but the carrier dismissed its action and assigned its lien to the tortfeasor before trial. The trial court awarded the employee his attorney's fees out of the judgment before application of the lien. (*Hartwig*, at pp. 1553-1554.) On appeal, the tortfeasor claimed that the carrier's active participation in the action before dismissal precluded the award of attorney's fees. (*Hartwig*, at p. 1555.) The Court of Appeal rejected this claim on the ground that the carrier's participation had been "nominal" and therefore did not qualify as "active." It never addressed the question of which subdivision applied. (*Hartwig*, at pp. 1556-1557.)

In *Kindt v. Otis Elevator Co.* (1995) 32 Cal.App.4th 452 (*Kindt*), the procedural posture was the same as that in *Crampton*. (*Kindt*, at p. 454.) The employee sought attorney's fees from the judgment, and the third party claimed that the carrier had been an active participant in the action up until the pretrial dismissal. (*Ibid.*) The trial court denied the fees request. (*Kindt*, at p. 455.) The Court of Appeal cited *Crampton* for the proposition that section 3856, subdivision (b) applied. (*Kindt*, at p. 456.) However, the court then proceeded to apply the analysis in *Walsh* and *Kavanaugh* (which were subdivision (c) cases) and *Hartwig* (which never resolved which subdivision applied) and concluded that the employee was entitled to fees because the carrier's participation was not active. (*Kindt*, at pp. 456-460.)

Although *Hartwig* and *Kindt* erroneously applied the "active" participant analysis required by subdivision (c), neither of them actually held that subdivision (c)

10

was the applicable subdivision, and *Kindt* explicitly stated that subdivision (b) applied. My analysis of the statutory scheme is consistent with the holdings in *Manthey*, *Hone*, and *Crampton*. Like those courts, I would hold that where the employer dismisses its action before trial and does not prosecute the action to judgment, the entitlement to attorney's fees of the employee who does prosecute the action to judgment is determined under subdivision (b), not subdivision (c).

The majority opinion concludes that subdivision (b) is inapplicable if the employer was ever a party to the action, even though the employer did not prosecute the case *to judgment*. Its analysis relies heavily on the dictionary definition of "prosecute." (Maj. opn., *ante*, at p. 7) " '[T]o seek the meaning of a statute is not simply to look up dictionary definitions and then stitch together the results. Rather, it is to discern the sense of the statute, and therefore its words, *in the legal and broader culture*. Obviously, a statute has no meaning apart from its words. Similarly, its words have no meaning apart from the world in which they are spoken.' [Citation.] We do not interpret the meaning or intended application of a legislative enactment in a vacuum." (*Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114.)

The majority opinion errs in looking at the meaning of "prosecute" in "a vacuum." Statutory construction requires us to examine the statutory language in the context of the entire statute and the entire statutory scheme in order to determine the role that the Legislature intended for this language to play. Simply looking at the dictionary definition of the word "prosecute" tells us little about the Legislature's intent in devising a consistent scheme for allocating attorney's fees where there is a worker's compensation lien. As my analysis demonstrates, the entire statute and the statutory scheme reflect that subdivision (b) was intended to apply where only the employee prosecuted the action to judgment.

The majority opinion's attempt to find support for its position in *Kavanaugh* is also unsuccessful. (Maj. opn., *ante*, at p. 8.) *Kavanaugh* was a case where there was a

11

joint settlement and a joint prosecution to judgment by both the employee and the employer. Under those circumstances, it was plain that subdivision (c), not subdivision (b), applied. (*Kavanaugh*, *supra*, 233 Cal.App.3d at p. 909.) This court did not consider in *Kavanaugh* the issue before us in this case: whether subdivision (b) applies where the employer was originally a party to the action but did not prosecute the action to judgment. The only reference in *Kavanaugh* to the issue before us occurred in the course of a discussion of whether subdivision (c) required the court to "weigh the contributions of the part[ies'] attorneys." (*Kavanaugh*, at p. 914.) "[S]ection 3856 refers to situations where the 'action is prosecuted by [either the employee or employer] *alone* . . . .' A literal interpretation of this language indicates that where attorneys for both the employer and the employee participate in the litigation, then the action is not prosecuted by either party alone. If the Legislature had intended to include a weighing process, it could have so stated." (*Ibid*.) Although this broad language suggested that subdivision (b) might not apply if attorneys for both the employer and the employee "participate[d] in the litigation," that issue was not before this court in *Kavanaugh*, and this court did not consider or resolve whether participation in the litigation that did not include prosecuting the action to judgment would preclude application of subdivision (b). *Kavanaugh* does not support the majority opinion's conclusion that subdivision (c) applies here.

The majority opinion also relies on the California Supreme Court's decision in *Quinn* to support its conclusion that subdivision (c) applies here. (Maj. opn., *ante*, at pp. 8-11.) *Quinn* was a case in which the employee alone prosecuted the action to judgment. Hence, subdivision (b) indisputably applied, and the California Supreme Court did not consider in *Quinn* which subdivision should apply where both the employee and the employer were initially parties to the action but only the employee prosecuted the action to judgment. The broad references in *Quinn* to the "entire litigative burden" (*Quinn*, *supra*, 15 Cal.3d at p. 176, fn. 19) being borne by one party

12

were not made in reference to a determination of which subdivision applied. "Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2.) *Quinn* has no bearing here.

## 2. Application of Subdivision (b)

The remaining question is whether McLeod was entitled to recover her reasonable attorney's fees under subdivision (b). Subdivision (b) requires the trial court to award to the employee "first" from the judgment her "reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer." (§ 3856, subd. (b).) While the statute refers to the "benefit of . . . the employer," it has long been held that a third party who purchases the employer's lien "stands in the shoes" of the employer with respect to the employee's recovery of attorney's fees from the liened portion of the judgment. (*Crampton*, *supra*, 17 Cal.App.4th at p. 319.) "The employee's attorney can recover attorney fees from the liened portion of the judgment even where the lien has been assigned to the third party." (*Quinn v. Warnes* (1983) 144 Cal.App.3d 309, 319; accord *Manriquez v. Adams* (2003) 108 Cal.App.4th 340, 347; *Crampton*, *supra*, 17 Cal.App.4th at p. 319; *Raisola v. Flower St.* (1988) 205 Cal.App.3d 1004, 1009; *Hone*, *supra*, 59 Cal.App.3d at pp. 530-531.)

The trial court was required to determine a reasonable attorney's fee for the services rendered by McLeod's attorney for the benefit of both McLeod and the lienholder. Due to the disparity between the amount of the lien and the amount of the judgment, McLeod's attorney's services did not provide any benefit to *McLeod* other than to entitle her to recompense for her reasonable litigation expenses. But his services did benefit *the lienholder*, who stands in the shoes of the employer, because those services created a fund from which the lien could be at least partially satisfied. It

13

follows that the trial court should not have concluded that McLeod was not entitled to recover *any* attorney's fees but instead should have determined the amount of a reasonable attorney's fee based on the services McLeod's attorney provided that benefitted the lienholder. Although it may be difficult to conceptualize the benefit to the lienholder where the third party tortfeasor is also the lienholder, it is necessary. A useful way to assess the lienholder's benefit is to look at what the benefit would have been to the employer had it not sold its lien. Here, if RCB had retained its lien, it would have benefitted from McLeod's attorney's services because it would have recovered a portion of the worker's compensation benefits it had expended. McLeod was entitled to recover a reasonable attorney's fee for the services that benefitted the lienholder "first" from the judgment.

### III. Conclusion

The trial court erred in refusing to award McLeod reasonable litigation expenses and reasonable attorney's fees "first" from the judgment as required by section 3856, subdivision (b). Since the determination of the amount of "reasonable" expenses and fees requires a discretionary decision as to what is reasonable, I would reverse the trial court's order and remand the matter to the trial court with directions to award McLeod reasonable litigation expenses and reasonable attorney's fees as mandated by section 3856, subdivision (b).

_____
Mihara, J.

14